## BEST vs. DAVIS, impleaded with others.

In an action to foreclose a mortgage, a copy of the notice of *lis pendens* was intro-
duced in evidence, with a certificate of the register of deeds of the proper
county attached, stating that a notice of which that offered was a true copy,
was filed &c.; but such certificate was defective in failing to state "that he had
compared the copy with the original, and that it was a correct transcript there-
from." (R. S., ch. 139, sec. 71.) *Held*, that this court would not reverse a judg-
ment for the plaintiff on account of this defect in the certificate, where the de-
fendant, without specifying such defect, merely objected in general to the ad-
mission in evidence of the instrument and certificate, and each of them.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to foreclose a mortgage. On the trial, the plaintiff
offered in evidence, among other things, a notice of *lis pendens*,
to which there was attached an affidavit of one of the plaint-
iff's attorneys, stating that, on &c., he filed a notice, of which
that was a copy, in the office of the register of deeds of said
county; and also a certificate of the register of deeds of said
county, which stated that, on &c., there was filed in his office
"a notice of pendency of which the within is a true copy."
"To the introduction in evidence of such paper writing, and
the said affidavit and certificate thereon, and to each and every
of them, the defendants objected;" but the objection was over-
ruled. Judgment of foreclosure and sale in the usual form;
from which the defendant *John Davis* appealed.

*Jenkins & Hickox*, for appellant:

It has been held by this court, that, in an action to foreclose
a mortgage, the plaintiff should be required to prove the filing
of the notice of *lis pendens*, either by producing the original
notice with proof of its filing, or a copy of it certified by the
register in the manner prescribed by the statute. *Manning
v. McClurg*, 14 Wis., 350; R. S., ch. 13, sec. 145; ch. 139,
sec. 71. If the latter method of proof is adopted, the certifi-
cate must conform to the statute. *Ordway v. Conroe*, 4 Wis.,
45; *Hackett v. Bonnell*, 16 id., 471. In the latter case, the
court say that "the certificate must conform to the provisions

of sec. 71 of the chapter, and it must appear that he has compared the copy with the original, and that it is a correct transscript therefrom." The certificate to the paper sought to be introduced in this case does not so state, and its introduction having been objected and excepted to, the judgment should be reversed.

*Cary & Pratt,* for respondent.

*By the Court,* DIXON, C. J. The objection to the form of the register's certificate is too vague and uncertain to be available in this court. It is, in general terms, to the introduction of the notice of pendency of action, without specifying any ground upon which it is made. It should be specific, and clearly point out the defect complained of, in order that the opposite party may, if he can, remedy it upon the trial below. In most cases, the opposite party has it in his power to obviate such defects at the trial. They are usually the result of clerical mistakes or oversights, and it would be most unjust to allow them to come here upon general objections which give neither the party nor the court any information at all. Such a practice cannot be sustained.

Judgment affirmed.