## EVANS VS. SPRAGUE.

### *Evidence—Chattel Mortgage.*

1. When a chattel mortgage is not filed in the proper town, *it seems* that a copy thereof certified by the clerk of such town, is not competent evidence to show title in the mortgagee as against a creditor of the mortgagor.
2. But an objection to such evidence must be *specific*, showing the precise defect relied on, or its admission will not be error.

APPEAL from the Circuit Court for *Sauk* county. The plaintiff, *Ellen Evans*, brought an action of replevin in justice court, to recover from the defendant the possession of two colts, mortgaged to plaintiff by her father, James Dougal. Judgment for plaintiff, from which defendant appealed to the circuit court. Upon the trial in the Circuit Court, plaintiff of-fered in evidence a copy of the chattel mortgage, certified by the town clerk of the town of Reedsburg, in Sauk county, as on file in his office, to the admission of which defendant ob-jected generally, without stating any specific grounds of objec-tion, as appears by the bill of exceptions. It appeared in the evidence that the mortgagor, James Dougal, has resided in the town of Reedsburg, but that at the time of executing the mort-gage he was at plaintiff's house in the town of Ironton, having left Reedsburg on his way to Nebraska, with the intention of remaining there permanently. Upon the question of the trans-fer or delivery of the mortgaged property, plaintiff testifies as follows:

" I put the colts in my brother's hands, to hold till I got my money. Father started for Nebraska the next morning. My brother went with him, but not in the same wagon. My brother was driving Mr. Palmer's team and wagon, and had the oldest colt tied to it, when he left my house, and the young one fol-lowed the other. No part of the money has been repaid. The colts were worth $75."

The instructions of the court sufficiently appear in the opin-

ion.   Verdict for plaintiff, and a motion for a new trial being overruled, defendant appealed.

*G. Stevens*, for appellant.

*Mackey & Lusk*, *contra*.

Dixon, C. J.  We need not stop to consider whether the mortgagor, Dougal, ceased to be a resident of the town of Reedsburg under the circumstance supposed in the first instruction asked by the defendant.   The defendant appeals, and that point was ruled in his favor by the giving of the instruction.   Neither need we consider the point that if the mortgagor was not a resident of that town, then the mortgage was not properly filed in the office of the clerk thereof.   The court so charged in the language of the second request to instruct, made by the defendant, which was also granted.   In view of the charge of the court and of the evidence as shown by the bill of exceptions, we must suppose that the jury found that the possession of the mortgaged property was delivered to and retained by the mortgagee, the plaintiff in this action, and, as charged in the second instruction given at the request of the defendant, that the plaintiff's possession was clear, unequivocal and exclusive.  The record seems, therefore, to present but two exceptions for our consideration, the one as to the admissibility of the certified copy of the mortgage from the office of the clerk of the town of Reedsburg, and the other as to the sufficiency of the evidence to show an actual and continued change of the possession of the mortgaged property, after the execution and delivery of the mortgage.   The latter arises upon the motion for a new trial, because the verdict was against evidence and contrary to the instructions of the court.

Supposing the mortgaged property was not in the town of Reedsburg at the time the mortgage was executed, so as to make the filing of the mortgage in that town proper under that clause of the statute, (R. S. Ch. 107, § 9, 2 Tay. Sts. 1257, § 9,) and supposing also that the mortgagor was not a resident of

that town, according to the rules of law laid down by the court for the guidance of the jury in that respect, both of which facts seem very clearly to have been established in evidence at the time the certified copy of the mortgage was offered, then it may be looked upon as extremely doubtful whether the copy of the mortgage was properly received in evidence. If the mortgage was not properly on file in his office, it would seem the clerk had no authority to certify a copy of it so as to make it evidence in a court of justice. But it is unnecessary to decide this question, since no proper objection to the admission of the copy appears to have been taken. The objection, to have been sufficient, should have been specific, pointing out the very ground or reason upon which its inadmissibility depended. It was a mere general objection, specifying no grounds or reason at all for rejecting the copy. The real grounds now urged may have been unknown to the court and to the opposite party. The question presented is, therefore, altogether like that involved in *Best vs. Davis*, 18 Wis. 386, where the objection to the introduction of the copy of the notice of *lis pendens* was held too vague and uncertain to raise any question of its admissibility in this court. If the true ground of objection had been stated, the plaintiff might have obviated it by the production of the original mortgage at the trial. The objection, to have been sufficient, should have been so made as to have given the plaintiff this opportunity, or opportunity to have established the admissibility of the copy by further proof, and, because it was not so made, it is not available to the defendant in this court.

The other question seems to us a very plain one. The evidence before the jury was such that we think they might well have found that change of possession or delivery of the mortgaged property to and retention of it by the mortgagee, which the law required. The possession of the plaintiff's agent, William Dougal, became her possession for that purpose, and the evidence that he had and retained the colts in his possession and under his control, was certainly such that under well set-

tled rules upon the subject, this court would not be justified in setting aside the verdict as for want of evidence to support it. The judgment must therefore be affirmed.

*By the Court.*—Judgment affirmed.