RICHARDS vs. NOYES.

| 44 | 609 |
| 75 | 449 |
| 44 | 609 |
| 83 | 311 |

EVIDENCE. *(1) Offer of compromise. Presumption.*
REVERSAL OF JUDGMENT: *(2, 3) For improper admission of evidence.*

1. An offer made by defendant during the pendency of a suit, to pay plaintiff a certain sum, nothing further appearing as to its character, must be presumed to have been an offer of *compromise*, and evidence of it is inadmissible.
2. A judgment will be reversed for the admission of improper evidence, unless it clearly appears that the jury were not influenced by it.

3. After evidence of the kind above described had been admitted against objection, the judge instructed the jury that an offer to pay a sum of money *by way of settlement*, especially after the commencement of a suit, is not an admission that the sum offered is due; but he did not state that the evidence in question was improperly admitted, or withdraw it from their consideration. The other evidence as to the amount due was conflicting. *Held*, that the judgment must be reversed, notwithstanding the fact that the verdict was for a *larger* sum than that offered.

APPEAL from the Circuit Court for *Sauk* County.

This appeal was taken by the defendant from a judgment in favor of the plaintiff. The case is sufficiently stated in the opinion.

The cause was submitted on the brief of *G. Stevens* for the appellant, and that of *J. W. Lusk* for the respondent.

TAYLOR, J. This is an action to recover upon an account for board, lodging and washing, which had been running for several years. The defendant claimed that he owed the plaintiff nothing. The jury found a verdict in favor of the plaintiff for $436. The defendant appeals, and alleges for error that on the trial the court permitted the plaintiff, as a witness on his own behalf, to answer the following question: "How much did he propose to pay?" Answer: "He proposed to give me $300 or $350. He sent me a note to that effect. That was after he put the suit over the last term." The question was objected to on the ground that propositions for compromise are privileged. The objection was overruled, and the defendant excepted.

As the record shows that this offer was made by the defendant after suit brought, it was clearly inadmissible as evidence for the plaintiff. It was a mere offer to pay a sum of money to get rid of a law suit, and was in no sense an admission that he owed the plaintiff that or any other sum. This court, in the case of *The State Bank v. Dutton*, 11 Wis., 371, held that evidence of this kind was clearly inadmissible, and reversed the judgment of the court below, although the circuit judge,

in his charge to the jury, expressly instructed them that they must disregard all that portion of the evidence which related to the statements made by the defendants in negotiating for a settlement. The same rule is held in *Johnson v. Wilson, Adm'r,* 1 Pin., 70.

It is insisted by the respondent, that it does not appear that the offer made by the defendant was by way of compromise, and that it is not, therefore, inadmissible or irrelevant. We are of the opinion that an offer of this kind, made pending a litigation, must be held to be an offer of compromise. Certainly the defendant could have no other object in making the offer, than that of bringing about a settlement of his litigation with the plaintiff. Greenleaf, in his work on Evidence, § 192, vol. 1, says: "A distinction is taken between the admission of particular facts, and the offer of a sum of money to buy peace. For, as Lord MANSFIELD observed, it must be permitted to men to buy their peace, without prejudice to them if the offer should not succeed; and such offers are made to stop litigation, without regard to the question whether anything is due or not. If, therefore, the defendant, being sued for £100, should offer the plaintiff £20, this is not admissible in evidence, for it is irrelevant to the issue; it neither admits nor ascertains the debt; and is no more than saying he would give £20 to be rid of the action." To the same effect are *Jones v. Foxall,* Eng. Law and Eq., 140, 145; *Cory v. Bretton,* 4 C. & P., 462; *Reynolds, Adm'r, v. Manning,* 15 Md., 510; *Gerrish v. Sweetser,* 4 Pick., 374.

It seems to us that no other construction can be given to the offer. It was not a tender of so much money in discharge of an admitted indebtedness, but simply an offer to give or pay a fixed amount to the plaintiff; and it must be presumed that the offer was made as a compromise and settlement of the litigation. It is clear that the plaintiff so understood it. If he had understood the offer to be an unqualified offer to pay him a sum of money upon his account, without prejudice to his

right to proceed in his action to recover any sum he might be able to establish by the proofs on the trial to be due him, beyond the amount offered, he would have been very likely to have accepted the payment so offered.

The authorities above cited hold that an offer to pay a fixed sum to the plaintiff in an action after suit brought, must be held to be an offer of compromise, unless the contrary is expressly shown by the evidence. In the case of *Reynolds, Adm'r, v. Manning, supra,* the court say: "The question presented by this exception is, whether an offer to pay $1,800 for a claim which had been previously presented to the defendant, amounting to $2,389.99, the offer not being accepted, is admissible in evidence against the defendants. The plaintiff's counsel insists that it is, because the offer was not accompanied with a caution that it was confidential, or made without prejudice.

"This subject is treated of with much clearness in the 4th Am. ed. of Phillips on Evidence, vol. 1, p. 427, note 124. It is there said: 'In general, however, both in England and in America, the nature of the negotiation has been looked into, and that the offer was intended to be without prejudice has been inferred from its being plainly an offer with a view to compromise. As observed by a learned judge (MILLS, J.), offers of sums, prices or payments, made during an attempt to compromise, are not admissible, if not accepted.' . . . 'The most if not all of the American cases have, like a majority of the English, gone on the intrinsic character of the transaction, without requiring an express declaration that the communication should be without prejudice.'"

Upon the authority of the cases above cited, and upon general principles, it is clear the judge erred in admitting evidence of the defendant's offer to pay the plaintiff the sum of $300, or $350, as sworn to by the plaintiff.

But it is further insisted by the respondent, that, although it might have been erroneous to admit the testimony objected

to, yet the defendant was not prejudiced by it, and therefore the judgment should not be reversed for that cause. This proposition is undoubtedly good law; but, in. order to sustain it, the party alleging it must clearly show that the jury were not in any way influenced by it.

It is said that it is apparent the jury could not have been influenced by this evidence, because their verdict was in favor of the plaintiff for a larger sum than was offered, and because the learned circuit judge, after admitting the evidence and declaring it to be competent, and, as we may presume, after it had been commented upon by the counsel for the plaintiff in his summing up to the jury,. in his charge to the jury and as his last instruction, said: "An offer to pay a sum of money *by way of settlement*, and especially after the commencement of a suit, does not amount to an admission that the sum offered is due. A man sometimes buys his peace, or is willing to give something to avoid the hazards and vexations of a law suit." It is impossible to say, because the verdict is larger than the sum offered, that the offer did not influence the jury in arriving at the verdict found. We are unable to say that the offer did not influence some of the jurors to assent to the verdict given. The evidence was conflicting and uncertain, and an offer of this kind would unavoidably have its influence upon the minds of men called upon to fix the amount due the plaintiff.

The charge of the learned circuit judge did not take from the consideration of the jury the evidence of the offer to pay $300, or $350, as sworn to by the plaintiff. He had admitted the evidence as competent evidence, upon the ground that it was not an offer *by way of settlement*. It is clear this must be so; otherwise, to be consistent, he would have rejected it when offered. The charge, taken in connection with his former ruling, gave the jury to understand that he understood the law to be, that an offer of money *by way of settlement of a claim*, after suit brought, was not admissible as evidence,

but that the offer, as proved in this case, was admissible, because it did not appear to have been made by way of settlement; and therefore it was competent evidence for their consideration.

If the learned judge had told the jury that he had committed an error in admitting the evidence of the offer, and charged them that they must not take it into consideration in deliberating upon their verdict, and the verdict given had been such as to negative the inference that such improper evidence had influenced their verdict, it is possible that this court would not reverse the judgment because of the error in admitting the same.

In *State Bank v. Dutton*, 11 Wis., 371, Justice COLE, who delivered the opinion of the court, in commenting upon the effect which improper evidence, admitted upon the trial and afterwards at the close of the trial withdrawn from their consideration, might have upon the jury and their verdict, says: " Without stopping to discuss this matter, it is very obvious that the admission of improper testimony is of a dangerous tendency; since it devolves upon the court to determine what no human tribunal can ever satisfactorily determine, that is, what influence and impression the mind of another might have received from such evidence."

There is a class of cases which hold that when improper testimony has been received, and the judge, after its reception, decides that it is inadmissible and withdraws it from the consideration of the jury, a judgment will not be reversed for that cause. It will appear from an examination of these cases, that in most of them the error in the reception of the evidence was corrected immediately after the same was received, and before the case had been argued to the jury. See *Batchelder v. Batchelder*, 2 Allen, 105; *Brown v. Cowell*, 12 Johns., 384; *Selkirk v. Cobb*, 13 Gray, 313. In the last case cited, improper evidence had been admitted on the trial, but when the counsel for the party in whose favor the evidence had been

admitted, commenced to comment on it to the jury, on the objection of the other party, the court ordered the evidence to be struck out of the case. In the other cases, the court, immediately after the evidence was given, decided that it was inadmissible, and at once directed the jury to disregard it. I have found no case which holds that the admission of improper testimony which was not withdrawn from the consideration of the jury until after the arguments of counsel had been closed, was not a sufficient ground for the reversal of a judgment, unless it clearly appeared from the whole record that it could not have influenced the jury in arriving at their verdict, to the prejudice of the party appealing therefrom.

Following the decision of this court in the case of *State Bank v. Dutton, supra,* we would have been compelled to reverse this judgment, even though the learned judge had, in express terms, in his charge to the jury, directed them to disregard the evidence of the offer as being inadmissible; but, as we have said above, he did not state to the jury that such evidence was inadmissible, nor did he withdraw the same from their consideration.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial ordered.

RYAN, C. J., took no part.