ALLARD and another, Respondents, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*November 17 — December 4, 1888.*

*Railroads: Negligence: Fire set by engine: Evidence of other fires set by other engines.*

In an action for the negligent burning of a building alleged to have been fired by sparks from a locomotive, the testimony of defendant's inspector that the screen on the engine was the same as on the defendant's other engines does not entitle the plaintiff to show in rebuttal that other fires had been set by the other engines.

APPEAL from the County Court of *Dodge* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

September 11, 1886, the plaintiffs owned a cheese factory and creamery in the city of Juneau, situated on the east side of the defendant's track, and eighty-five and one-half feet therefrom. It is alleged in the complaint that on that day the defendant ran "a locomotive attached to a freight train of the defendant on the said line of railway, . . . so negligently and carelessly' . . . that sparks from the smoke-stack of said locomotive escaped, communicated to and set fire to" said factory, and in consequence thereof the same was burned and destroyed, with the contents thereof; that said locomotive was not then and there equipped with a sufficient spark-arrester, screen, or device to prevent the escape of fire therefrom; that such imperfect construction and negligent management and operation caused such burning and destruction, to the damage of the plaintiffs. The answer consisted of admissions, denials, and allegations.

At the close of the trial the jury returned a special verdict to the effect (1) that the engine was furnished with the usual and ordinary appliances to prevent the escape of sparks from the smoke-stack at the time the plaintiff's build-

ings were burned; (2) but that such appliances were not in good condition to prevent the escape of sparks from the smoke-stack; (3) that the engine in question at that time was not operated in the usual and ordinary manner; (4) that the defendant was guilty of negligence in the equipment of the engine in question with respect to the escape of sparks from the smoke-stack at the time of such burning; (5) that the defendant was guilty of negligence with respect to the operation of the engine at the time in question; (6) that said building was set on fire from a spark escaping from the smoke-stack of the engine in question; (7) that the value of the property destroyed was $3,000; (8) that they found for the plaintiffs and assessed their damages at $3,000. From the judgment entered upon said special verdict in favor of the plaintiffs for said sum as damages, and the costs, the defendant appeals.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, of counsel, and oral argument by *C. H. Van Alstine*. To the point that it was error to admit the evidence as to the setting of other fires by other engines, they cited *Gibbons v. W. V. R. Co.* 58 Wis. 335; *Bloor v. Delafield*, 69 id. 273; *Phillips v. Willow*, 70 id. 6; *Collins v. N. Y. C. & H. R. R. Co.* 109 N. Y. 243.

*J. E. Malone*, for the respondents, contended, *inter alia*, that in *Gibbons v. W. V. R. Co.* 58 Wis. 335, it was held that "testimony showing that some of the company's locomotives had previously or subsequently scattered fire is not admissible, *unless it is also shown that the locomotive which caused the fire was one of them or was similar in construction, state of repair, or management*." In *Ross v. B. & W. R. Co.* 6 Allen, 87, it is held that such evidence "was rendered relevant and material by the ground taken in defense," and "on the same ground evidence concerning the emission of sparks from similar engines used on other roads was admissible."

CASSODAY, J. The freight train in question reached Juneau from the south, September 11, 1886, about 10.45 A. M., and left on its way north about 11 A. M. During the time it remained at that station the engine was engaged in switching. The wind at the time was blowing very strong from the west, or, rather, a little south of west. The buildings burned were situated about eighty-five feet east of the track. The machinery in the buildings was propelled by steam, but was stopped and the fire allowed to die down about 10 o'clock, or soon after, that morning. On leaving the building, a little before 12 o'clock, there appears to have been no fire inside. The fire was first discovered on the outside of the highest part of the westerly side of the roof a few minutes after 12 o'clock, and just before the arrival of another train from the north, at 12.09.

Prior to the time when the plaintiffs rested, the only evidence on their part tending to prove that sparks from any of the defendant's locomotives set the fire in question was circumstantial, and related entirely to the engine of the freight train as charged in the complaint. That engine appears to have been inspected on the 9th, and again on the 14th, of September, 1886; and the netting, which had been patched, was taken out and replaced by a new netting, September 16, 1886. The defendant's inspector of boilers and smoke-stacks was allowed, against objections by the plaintiffs, to testify in effect that, so far as his knowledge extended, the screen used on that engine was the same, so far as the netting was concerned, as on all the engines on the road; that there had been no finer screens on the road since he had been such inspector. To rebut such evidence, the plaintiffs were allowed, against the defendant's objections, to prove in effect that during the summer of 1886 and 1887 fires were frequently seen to start up along the defendant's railway between Minnesota and Burnett Junctions, just after the passage of trains, when there was no other known

possible cause for such fires; and particularly by two freight trains,— the one going north, and the other south, between 11 and 12 o'clock each day; that such fires would burn grass and fences along such railway; and that the defendant would rebuild such fences when so burned. We are forced to the conclusion that the admission of such testimony on the part of the plaintiffs was error, and prejudicial to the defendant. The reasons for such ruling have been so recently and so fully given by Mr. Justice ORTON as to require no repetition here. *Gibbons v. W. V. R. Co.* 58 Wis. 335. The mere proof that the screen or netting in the smoke-stack of the engine in question was the same as on other engines did not open the door for the admission of evidence tending to prove that other engines, on other occasions and under other circumstances, set such other fires. Especially is this so since the defendant did not prove or attempt to prove that such screens or netting on such other locomotives did not emit sparks sufficient in size and quantity to set such fires.

Other exceptions are urged which will probably be obviated upon a retrial, and hence need not be considered here. Particularly is this so in regard to the remarks of counsel to which objection was taken.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded for a new trial.

See note to this case in 40 N. W. Rep. 685.— REP.