BEGGS, Respondent, vs. THE CHICAGO, WISCONSIN & MINNESOTA RAILROAD COMPANY, Appellant.

*December 10, 1889 — January 7, 1890.*

*(1) Railroads: Fires set by negligence: Evidence: Nonsuit. (2) Error in admitting evidence, how cured.*

1. In an action against a railroad company for the burning of a barn there was evidence that it was a very dry time; that a strong wind was blowing from the defendant's track towards the barn, which stood about thirty feet from the centre of the track; that the fire caught on the side of the barn next the track; that there was dry grass on the right of way which had been burned in a streak from the track to the barn; that defendant's engines had passed up and down by the barn, and that live coals and cinders had been deposited on the track, shortly before the fire occurred; and that the burned streak of grass started from the track at the place where such coals and cinders were seen. No other cause for the fire was shown. *Held*, that this evidence was sufficient to sustain a verdict for the plaintiff.

2. An error in the admission of evidence is cured where such evidence is withdrawn from the consideration of the jury before the case is argued to them by counsel, and they are afterwards instructed to disregard it.

APPEAL from the Circuit Court for *Waukesha* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an action to recover the value of a barn owned by the plaintiff and respondent, which he alleges was set fire to and burned by the negligence of defendant company

or its· employees. The barn was erected before the railroad company constructed its road near the same in the village of Waukesha. After the railroad was constructed, the barn stood about thirty feet from the center of the railroad track, and about nineteen feet from the line of the right of way. It was a very dry time when the barn was burned, and the wind was blowing strongly from the direction of the railroad track towards the barn. The evidence showed pretty conclusively that the fire caught on the side of the barn next the railroad track. There was also evidence tending to show that there was dry grass on the right of way between the railroad track and the barn, and there was a streak from the track to the barn where the fire had burned the grass. There was also evidence tending to show that the engines of the defendant had passed up and down along the track opposite the barn several times shortly before the fire was discovered, and there was also evidence tending to show that coals and cinders had been deposited on the track shortly before the fire occurred, and that the burned streak of grass started from the track at the place where such coals and cinders were seen on the track. The alleged fact that cinders and coals were deposited on the track at the place indicated by the witnesses for the plaintiff was controverted by the evidence of the defendant. There was no other evidence tending to show negligence on the part of the defendant, except the alleged fact that some of the passing engines had deposited coals and cinders on the track shortly before the fire. And the learned circuit judge instructed the jury that the only negligence on the part of the defendant which the testimony of the plaintiff tended to prove " consisted in depositing fire and cinders upon the track at the time; " and the jury answered the question, " In what·did the negligence consist?" that such negligence consisted in the defendant's depositing live coals and cinders upon the track on the day of the fire.

When the plaintiff rested his case, the defendant moved for a nonsuit on the ground that there was no evidence to sustain the plaintiff's cause of action. The court refused to nonsuit the plaintiff, to which exception was taken. When the evidence of both parties was in, the defendant moved the court to direct a verdict for the defendant, which was also refused, and defendant excepted. The case was submitted to the jury, and a verdict was found in favor of the plaintiff for the value of the barn. After verdict the defendant moved for a new trial, on the ground that the verdict was contrary to the law and the evidence. This motion was also denied, and defendant excepted.

The defendant appeals from the judgment entered in favor of the plaintiff, and on the hearing of such appeal in this court the appellant alleges as error the refusal to nonsuit the plaintiff, the refusal to direct a verdict for the defendant, and the refusal to grant a new trial. It is also alleged as error that the circuit court permitted the introduction of evidence on the part of the plaintiff, that at other times, and before the day of the fire, the engines of the defendant had dumped or deposited live coals and cinders on the track opposite said barn; and also the refusal of the court to give certain instructions to the jury, asked by the defendant.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *J. G. Flanders.*

For the respondent there was a brief by *Carney & Ryan,* and oral argument by *T. E. Ryan.*

TAYLOR, J. After a careful reading of the evidence, we are satisfied that the learned circuit judge was right in refusing the nonsuit, and in refusing to direct a verdict for the defendant. Upon the evidence there is no other probable cause for the fire except that it originated from coals

and cinders on the track of the defendant. There was a strong wind blowing directly from the track towards the barn, and a streak of burned grass from the railroad track to the barn. There was also evidence tending to show that coals and cinders had been deposited on the track at the .point in question shortly before the fire. In the absence of any other cause shown for the fire, there is a fair presumption that it was communicated from the coals on the track of the company. At all events, it was a question for the jury to determine under all the evidence.

The objection to the evidence offered by the plaintiff, that other engines on other days had deposited coals and cinders on the track in the vicinity of the barn, may be admitted to have been well taken by the defendant, and that such evidence should have been excluded under the rule established by this court in *Gibbons v. W. V. R. Co.* 62 Wis. 548, and *Allard v. C. & N. W. R. Co.* 73 Wis. 168. Although the evidence given was improper and ought to have been excluded upon the objection of the defendant, still the judgment ought not to be reversed for that cause. The learned circuit judge took such evidence from the consideration of the jury before the evidence in the case was closed, and also instructed the jury, at the close of the evidence, that it should not be considered by them in the determination of the question of the defendant's negligence.

When the defendant moved for a nonsuit, the court said, in the presence of the jury: "I have great doubts, and those have been growing ever since the trial commenced, in regard to the testimony of other engines' depositing cinders at this point. Having admitted it before dinner, I thought I would let it all come in, because I could correct that part in the charge to the jury. My doubts have been all the time increasing as to the propriety of receiving the evidence. It is in, and can only be corrected by the charge to the jury. The case will have to rest, not as to other en-

gines at other times depositing cinders, but upon what proof there is that, upon that afternoon, shortly before the burning of the barn, engines were passing there, and that at the time of the fire, or immediately after, cinders were shown. There is evidence tending to show that there were cinders upon the track, and the grass leading from the railroad to the barn was scorched or burned. This burning raises, perhaps, a presumption that some of the engines passing at that time, just before the fire, left cinders upon the track, and the wind happening on that day to be in the right direction, and a stronger wind than usually occurred, sparks or fire were in some way communicated to the barn. I think in that view there is a question of fact for the jury. The defendant's motion is therefore overruled." In his instructions to the jury the court said in regard to this evidence: "In considering this case, gentlemen, you are to exclude from your consideration the evidence which was admitted here, under some doubt on the part of the court, in regard to these engines at other times depositing coal and cinders on the track, and confine your inquiry as to what occurred on that day, whether either of those engines deposited or dumped coal or cinders upon the track."

If it be possible for the trial court to correct an error committed in permitting incompetent evidence to be once received during the course of the trial, it seems to us that error was cured in this case. That such error may be cured is well established by authority and reason. In this case the jury could not have been influenced by the comments of counsel to the jury upon this incompetent evidence, in their arguing the facts to the jury, as the record shows that the learned circuit judge had, long before the testimony closed, notified the counsel and the jury that such evidence should not be considered by them. In that state of the case it would have been a gross breach of propriety on the part of counsel to comment to the jury upon

such evidence, and it is quite certain that no comments were made by the counsel for the plaintiff to the jury upon such evidence. Had the counsel attempted any such improper course, the court would have promptly checked him, and if the court had not, it is evident that the counsel for the defendant would have promptly objected. Nothing of that kind appears in the case.

This case does not come within the suggestion made in *Richards v. Noyes*, 44 Wis. 609, 614, that it is too late to withdraw from the consideration of the jury improper evidence which has been submitted to the jury and commented on to them before it is attempted to be withdrawn. This case clearly comes within the rule of the cases cited in the opinion in *Richards v. Noyes, supra,* 614; *Batchelder v. Batchelder,* 2 Allen, 105; *Brown v. Cowell,* 12 Johns. 384; *Selkirk v. Cobb,* 13 Gray, 313; and *Johannesson v. Borschenius,* 35 Wis. 135. Under the instructions given to the jury in this case, and what was said by the court on the motion for a nonsuit, it appears to us very clear that the defendant was not prejudiced by the mistake of the court in admitting the improper evidence, which was afterwards so fully withdrawn from the consideration of the jury be-. fore the case was argued before them.

All the special instructions asked by the defendant to be given to the jury and which were refused by the court, were given in his general charge as clearly and as fully as requested by the instructions asked. The defendant has not therefore been prejudiced by the refusal to give them as drawn by him. All the points in the case were fully and fairly submitted to the jury in the general charge of the court. There was evidence to sustain the verdict, and the court properly refused to set aside the verdict and grant a new trial.

*By the Court.*— The judgment of the circuit court is affirmed.