SPENCER, RESPONDENT, v. MONTANA CENTRAL RAILWAY COMPANY, APPELLANT.

[Argued July 11, 1891. Decided September 10, 1891.]

PLEADING—*Review on appeal.*—An objection to an averment in a complaint as ambiguous cannot be taken advantage of in this court for the first time where the objectionable pleading is not so uncertain or ambiguous but that its reasonable intendment may be gathered from its terms, and its defects were cured by proof upon the trial.

RAILROADS — *Right of way — Damage.* — Under section 719, fifth division of the Compiled Statutes, providing in substance that any railroad company failing to keep their track free from dead grass, weeds, or any combustible material, "shall be liable for any damages which may occur from fire emanating from operating the railroad, and a neglect to comply with the provisions of this chapter in keeping clear any railroad track, . . . ." it is error to charge the jury, in effect, that upon such failure the statute "makes them liable for any damage that may occur from any fire emanating from operating the railroad," as such instruction leaves out of consideration the question as to the agency of the dead grass or combustible matter in the destruction of the property.

SAME — *Same — Same.* — In an action against a railroad company for damages alleged to have resulted from fire communicated to plaintiff's property by the agency of combustible material upon their right of way, it is error to refuse an instruction to the effect that the defendant is not liable in such case, unless it be shown that there was a sufficiency of combustible material upon the right of way at the place where the fire started as to indicate danger from fire to common prudence. (*Diamond* v. *Northern Pacific R. R. Co.* 6 Mont. 580, cited.)

*Appeal from Eighth Judicial District, Cascade County.*

Action for damages.   The cause was tried before BENTON, J.

*McCutcheon & McIntire,* for Appellant.

*Henri J. Haskell,* for Respondent.

HARWOOD, J. — This action was brought to recover the sum of one thousand two hundred and twenty dollars damages, alleged to have been sustained by plaintiff by reason of the wrongful destruction of one hundred and twenty tons of hay, fifteen cords of wood, and a quantity of grass standing in a field, the property of plaintiff, by fire emitted from defendant's locomotive engine, and communicated to said property by means of dry grass and other combustible matter which was carelessly and negligently allowed by defendant to accumulate and remain on its right of way opposite the place where said property was situate, near said right of way, at the time the fire occurred.

Appellant contends that the complaint fails to state facts sufficient to constitute a cause of action, and points out as the defect that plaintiff "alleges that the fire was set in grass upon defendant's right of way, but nowhere alleges that by reason thereof or that thereby the fire was communicated to the property of the plaintiff."

After alleging the ownership, description, and situation of the property alleged to have been destroyed, the following aver-

ments are set forth in the complaint: "That at said time and place the defendant's right of way of said railroad (not exceeding one hundred feet on either side of said railroad bed) was covered with large quantities of dead and dry grass and other combustible material. That on account of defendant not keeping free from dry and dead grass and other such combustible material its right of way aforesaid, not exceeding one hundred feet on either side of its road-bed, and on account of not providing suitable spark-arresters and other machinery in operating said road, and by the negligence and carelessness of its officers, agents, servants, and employees in managing the same, the defendant's locomotive did at said time and place, and while passing plaintiff's property as above described, emit sparks of fire which set fire to the dead and dry grass on defendant's right of way, which fire was then and there communicated to the said standing grass in plaintiff's enclosure, and to the said hay and wood, and did then and there burn up and totally destroy all of said" property.

The language employed in the complaint to allege the communication of fire from defendant's engine to plaintiff's property cannot be approved. It is subject to the criticism of appellant's counsel, as being ambiguous or uncertain in the averment that the defendant's locomotive emitted sparks which set fire to said dry grass on defendant's right of way, "*which fire was then and there* communicated to said standing grass in plaintiff's enclosure, and to said hay and wood." The ambiguity lies in the fact that the averment does not show with certainty *how* the fire was communicated to plaintiff's property. The objectionable averment would undoubtedly have sustained a demurrer on the ground of ambiguity or uncertainty, but no such demurrer was offered by appellant at the proper time. If there is only an ambiguity or uncertainty in the averment this cannot be taken advantage of for the first time in this court. The attempted statement of some essential facts might be found so uncertain or ambiguous as to justify the discarding of the averment altogether. Then it could be said, as appellant contends here, that the pleading fails to state a cause of action. We can conceive of such a case, but the ambiguity would be an extraordinary one. The averment in the complaint which ap-

pellant points out as objectionable is aided somewhat by that
which goes before, namely, that "on account of defendant not
keeping free from dry and dead grass and other such combusti-
ble material its right of way aforesaid, . . . . and on account
of not providing suitable spark-arresters," etc., fire was emitted
from defendant's engine, and "set fire to said dead and dry grass
on defendant's right of way, which fire was then and there com-
municated to said standing grass in plaintiff's enclosure, and to
said hay and wood." So we think the fair intendment of the
averment as it stands, considered altogether, is that, on account
of "the dry grass and other combustible matter" on defendant's
right of way, and the want of proper spark-arresters on the
locomotive engine, or *thereby*, or *by reason thereof*, the fire was
communicated from said engine to said dry grass, and thereby
to the standing grass and wood and hay of plaintiff. Although
somewhat ambiguous and uncertain, we think that is the fair
and reasonable intendment of the averment in question. If
such intendment can be reasonably found in the terms used in
the averment, we should so construe it. (Code Civ. Proc. § 100;
Bliss on Code Pleading [2d ed.], § 314.) An ambiguous aver-
ment is also one which may be cured by answer or proof. (Bliss
on Code Pleading [2d ed.], §§ 435–442.) In this case appel-
lant answered and defended at the trial, and the testimony as to
how the fire which destroyed the property described was com-
municated thereto is given in detail by the witnesses.

We now pass to the consideration of the assignment of errors
alleged to have been committed by the court in giving instruc-
tions to the jury, and in refusing to give instructions requested
by appellant.

Appellant complains that the court erred in instructing the
jury as to the effect of section 719, fifth division of the Com-
piled Statutes. In this regard the court called the attention of
the jury to said statute requiring railroad companies to keep
the right of way of their roads in this State free from dead
grass, weeds, or any dangerous or combustible material; and
instructed the jury as to the effect of said statute in the follow-
ing language: "It makes it the duty of the railroad company
to keep their track and their right of way free and clear from
any such dead grass, weeds, or other dangerous or combustible

material, and upon failure on their part so to do it makes them liable for any damage that may occur from any fire emanating from operating the railroad. It also makes the fact, if it is shown to be a fact that such dead grass or other dangerous or combustible material is upon the track or upon the right of way, *prima facie* evidence of negligence on the part of any railroad company." This instruction appellant contends is erroneous, because it leaves out of the consideration of the jury the fact as to whether the negligence of the railroad company in failing to keep its right of way free and clear of dry grass, weeds, or other combustible material, was the cause of, or contributed to, the damage complained of; in other words, that such instruction left out of consideration the fact as to whether the dry grass or weeds, negligently allowed to remain on the right of way, was the means of communicating fire to the property alleged to have been destroyed through the negligence of defendant. This assignment of error must be sustained. The court instructed the jury, in the instruction recited above, in effect, that upon a failure of the defendant to keep its track free and clear of dry grass, weeds, etc., as required, the statute "makes them liable for any damage that may occur from any fire emanating from operating the railroad." This was plainly error. The full provision of the statute is not stated in said instruction. It provides that "any railroad company or corporation so failing to keep their railroad track free and clear as above specified, and on each side thereof, shall be liable for any damages which may occur from fire emanating from operating the railroad, and a neglect to comply with the provisions of this chapter in keeping clear any railroad track, and either side." It is observed that the court in part used the language of the statute, but stopped short of stating the two elements which the statute declares shall combine to fasten the liability on the defendant; that is, a liability for "damage which may occur from fire emanating from operating the railroad, and a neglect" to keep the right of way clear of combustible material. If these conditions set forth in the statute are relied upon to sustain an action for damages, it must be shown that the damage resulted from the two causes stated — operation of the railroad, and the failure to keep the right of way clear of combustible

matter. This clearly implies that the combustible matter must have operated as an agency in communicating to plaintiff's property the fire emanating from operating the railroad. Counsel for respondent admits that, if the negligence relied on by him to fasten the liability on appellant for the damage alleged was the failure to keep its right of way free and clear of combustible matter as required by statute, then it must be alleged and proved that through such negligence the damage was wrought. Therefore they contend, and we have held, that the fair import and intendment of the allegations of the complaint was that through, or by reason of said dry grass and weeds, which plaintiff alleged was on the right of way of defendant at the time and place, the fire emitted from defendant's engine was communicated to the property of plaintiff, and the same was thereby destroyed. Now, if it was necessary, in order to show the negligence of defendant, and that through such negligence the alleged damage was done, to allege and prove the existence of the dry grass on the right of way, *and that thereby fire was communicated* from defendant's engine to plaintiff's property, then it was necessary for the jury, in finding their verdict against the defendant, if found upon that ground, to consider whether this alleged negligence was the cause of the damage; that is, whether the fire was communicated from defendant's engine, through said dry grass or combustible material, to the property destroyed. But the instruction above recited leaves out of consideration the question as to whether the dry grass or other combustible matter on the right of way was instrumental in destroying the property, as alleged in the complaint. If it was not instrumental in such destruction, then the negligence of allowing it there had no part in consummating the damage complained of; nor was it *thereby* that the property was destroyed, but by other cause. The statute provides that the liability follows where the destruction occurs from fire emanating from operating the railroad, " *and a neglect to comply with the provisions of this chapter in keeping clear the right of way.*" The destruction must occur by means of these two agencies — the operation of the road, and the presence of combustible material on the right of way — in order to make out a liability on these points of negligence. The instruction under consideration assumed that the mere existence of dead

grass, weeds, or combustible material on the right of way fast-
ened the liability on the defendant for the damage alleged,
without considering whether such combustible material was
instrumental in effecting the destruction of the property as
alleged in the complaint and as provided in the statute. No-
where in the instructions did the court recur to the subject, and
supply the omission apparent in the instruction above quoted.

These observations are fully in accord with the case of
*Diamond* v. *Northern Pacific R. R. Co.* 6 Mont. 580, although
the particular point before us was not involved in that case.
In that case it is said: "The jury found, as fact, that the fire
in question came from one of the defendant's trains, and was
caused by the neglect of the defendant in failing to keep its
right of way free from dead grass, and that there was sufficient
thereof on said right of way, in the vicinity of defendant's
ranch, to make it apparent to a person of ordinary prudence
that there was danger of fire therefrom. . . . . If there was
neglect in this regard, *whereby the fire occurred, and the damage
was done,* it was not very material how perfect and complete
the road was equipped in other respects, or how faithful and
efficient were its officers."

In the case at bar the court refused to give, upon appellant's
request, the following instruction: "If the plaintiff relies upon
the fact that the fire started upon defendant's right of way, then
he must prove that there was such a sufficiency of combustible
material, dead weeds and dry grass, upon such right of way at
the place where the fire is alleged to have started as to indicate
danger from fire to common prudence, and, failing to prove
this, no liability can arise therefrom."

The refusal of the court to give said instruction is assigned
as error.

We are of the opinion that this instruction, or one embody-
ing the ideas therein set forth, should have been given. But
no instruction to that effect was given by the court. In addi-
tion to the extracts hereinbefore quoted from the *Diamond Case,*
it was observed by the court in that case that "the statute re-
quiring railroad companies to keep their track and right of
way free from dry grass, weeds, or other combustible material,
should receive a reasonable construction. It is a matter of com-

mon observation that generally, in Montana, the right of way of railroads has upon them more or less dry grass and weeds; but if the quantity is not sufficient to indicate danger from fire to common prudence and ordinary care, then no liability could arise therefrom. The instructions as given cover this proposition." No doubt counsel for appellant predicated the instruction asked for upon the views expressed in the *Diamond Case* as to the proper construction of said statute. These views are in no way questioned by respondent's counsel as not conforming to reason and authority. We fully approve them, and therefore conclude that the court erred in refusing to give the instruction asked as above recited, or one of like effect. That instruction is qualified by its own terms. It states that, "if the plaintiff relies upon the fact that the fire started on defendant's right of way," etc. This is proper. It does not assume that those points of negligence are the only ones which may be relied on, but says that, if such negligence is relied on, the fair construction of the statute, as explained in the *Diamond Case,* should be the rule in this case. But in the case at bar the court refused to give an instruction covering the very proposition in this regard which had been approved in the *Diamond Case.*

Judgment, therefore, must be reversed, and the case remanded, with direction to sustain appellant's motion for a new trial, and it is so ordered.

*Reversed.*

Blake, C. J., and De Witt, J., concur.