Donovan, Respondent, vs. Chicago & Northwestern Railway Company, Appellant.

*May 2 — May 22, 1896.*

*Railroads: Fire set by locomotive: Evidence: Immaterial errors: Notice of claim: Excessive damages: Remission of part: New trial.*

1. In an action for injury to lands caused by a fire set from a locomotive, evidence that cinders from passing locomotives usually lodged upon the right of way, as to the direction and nature of the winds at the season of the fire and their liability in that section of the country to change suddenly, and as to the liability of dry grass on the right of way to take fire — although some of it was perhaps immaterial and related to matters of common knowledge — is *held* not to have prejudiced the defendant, and the error, if any, in its admission is therefore disregarded.
2. Although the fire complained of in such a case is not traceable to any particular locomotive, it is competent to prove defendant's negligence by circumstantial evidence.
3. Evidence as to what the lands had previously produced is admissible in such a case upon the question of damages.
4. The objection to a question calling upon a witness to state what, in his judgment, was the damage caused by the fire to the plaintiff's land, should have been specifically to the form of the question;

and the overruling of a general objection to such a question was not error.

5. Error in allowing the complaint to be amended, more than a year after the fire, so as to bring into the case lands as to which no notice had been given as required by ch. 202, Laws of 1893, and in allowing proof of the injury to such lands, and in refusing to grant a nonsuit as to them, is cured by setting aside the verdict as to all damages in respect to those lands.

6. In a tort action, where there is no fixed legal rule of compensation, a court is not at liberty to set aside a verdict on the ground that it is excessive, unless it is so excessive as to create the belief that the jury have been misled either by passion, prejudice, or ignorance.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *W. K. Gibson.* To the point that the verdict should have been set aside absolutely, and a new trial granted, they cited *Schultz v. C., M. & St. P. R. Co.* 48 Wis. 375, 381, 382.

For the respondent there was a brief by *Greene, Vroman & Fairchild,* and oral argument by *H. O. Fairchild* and *J. R. North.* They argued, among other things, that conceding that *Schultz v. C., M. & St. P. R. Co.* 48 Wis. 375, goes to the full length claimed for it by appellant, it is clear that this court has not followed it in later cases. See *McLimans v. Lancaster,* 63 Wis. 596, 609; *Corcoran v. Harran,* 55 id. 120; *Heddles v. C. & N. W. R. Co.* 74 id. 239, 259; *Gillan v. M., St. P. & S. S. M. R. Co.* 91 id. 633; *Dugan v. C., St. P., M. & O. R. Co.* 85 id. 609; *Waterman v. C. & A. R. Co.* 82 id. 613, 637; *Bright v. Barnett & Record Co.* 88 id. 299, 310.

CASSODAY, C. J.    At the times mentioned the plaintiff was the owner and in possession of 1,172 acres of land in the town of Suamico, in Oconto county, and some distance west of these lands the defendant's tracks run in a northerly and

southerly direction. The amended complaint alleges, in effect, that August 7, 1893, a fire was negligently started by the defendant at or near its track, by coals of fire and sparks escaping from the passing locomotives of the defendant, owned and operated by it, falling upon the dry grass and other combustible material on the defendant's right of way at a point named; and from thence the fire so set spread over and upon the premises of the plaintiff described, and destroyed and injured the timber, hay, grass, buildings, and fences on the land of the plaintiff, to his damage in the sum of $8,500; that, November 18, 1893, the plaintiff gave to the defendant due notice in writing, signed by her and her attorneys, stating the time and place where the damage occurred and that satisfaction therefor was claimed of the defendant, as provided in ch. 202, Laws of 1893; and demands judgment for the sum named. The answer consists of admissions and denials.

At the close of the trial the jury returned a verdict to the effect that they found in favor of the plaintiff and against the defendant for the sum of $165 damages to the 165 acres of land in question in section 7, and lot 4 of section 6, and $3,500 for damages to the remaining lands of the plaintiff not included therein. The defendant having moved to set aside the verdict and for a new trial, upon the ground, among others, that the damages were excessive, the court granted the motion on the ground last stated, unless the plaintiff, within twenty days, should remit from the verdict all but $2,500, and take judgment for that amount. The plaintiff having so remitted, it was ordered by the court that the motion to set aside the verdict and for a new trial be, and the same was thereby, denied; and it was further ordered that judgment be entered in the action in favor of the plaintiff and against the defendant for $2,500 damages and for the costs and disbursements to be taxed. From the judgment entered thereon accordingly the defendant brings this appeal.

1. We perceive no reversible error in admitting evidence tending to prove that cinders from passing engines usually lodge upon the right of way; nor that during the month of August, 1893, there were some pretty high winds, and that the winds in that section of the country were liable to change suddenly; that, as a general thing, at dry seasons of the year, there were more south, southeast, and southwest winds than any other; and that when the grass on the right of way was dry, fire was liable to ignite therein, and smoke to rise therefrom. Some of such evidence may have been immaterial, and such as the jury and everybody of common observation and experience would know as well as the witnesses; but it would seem to be of such a nature as not to prejudice the defendant, nor affect its substantial rights,— and hence the error in admitting the same, if any, should be disregarded. R. S. sec. 2829. The fact that cinders from passing engines usually lodge upon the right of way indicates the necessity of exercising ordinary care in keeping the right of way free from dry and combustible material. In the case at bar the fire was not traceable to any particular engine. Neither was it in *Beggs v. C., W. & M. R. Co.* 75 Wis. 444. Nevertheless, we think it was competent here, as it was there, to prove the defendant's negligence by circumstantial evidence.

2. In proving damages we perceive no objection to proving what the lands had previously produced. True, witnesses were permitted to testify what, in their judgment, was the damage caused by the fire to the particular pieces of the land in question; but the objection each time was general, and not specifically to the form of the question, which otherwise might have been corrected at the time. The overruling of such general objection to such a question is not reversible error. *Evans v. Sprague*, 30 Wis. 303; *State ex rel. Swenson v. Norton*, 46 Wis. 337; *Kollock v. Parcher*, 52 Wis. 401.

3. As the law now stands, no action can be maintained

against a railway company for damages to property by fire
from a locomotive unless notice thereof in writing be given,
as prescribed by ch. 202, Laws of 1893.   It is conceded that
as to the 165 acres of land mentioned no such notice was ever
given.   Those lands were first brought into the case by an
amendment to the complaint, January 2, 1895, more than a
year after the fire.   Error is assigned because the court al-
lowed such an amendment, and also because the court al-
lowed proof of the damages by the fire to the 165 acres,
and also because the court refused to grant a nonsuit as to
all claim for damage to the 165 acres.   Such errors, so as-
signed, were, however, each and all eliminated from the
case by the court, on the motion for a new trial, setting aside
the verdict as to all damages to the 165 acres.   *Beggs v.
C., W. & M. R. Co.* 75 Wis. 444; *Waterman v. C. & A. R.
Co.* 82 Wis. 631, 632.

4.  Error is assigned because the court refused to set aside
the verdict and grant a new trial.   The argument under
this head is based upon the language of the trial judge in
his written opinion on the motion for a new trial.   That
opinion states that the only reason urged for the motion is
that the verdict is excessive; and counsel adds that it was
inconsistent with the evidence, and perverse.   The particu-
lar criticism of the trial judge upon the verdict seems to be
to the effect that the jury, having apprehended that the
court would set aside their verdict as to the damage to the
165 acres, purposely assessed the damage to those lands at
only $1 per acre, and then assessed the damages to the other
1,007 acres at about $3.50 per acre; that the evidence seemed
to make the average damages to the 165 acres about $6 per
acre, or $990; and the average damages to the other 1,007
acres about $5 per acre, or $5,035.   He then states " that
the verdict on its face impeaches its honesty; " that it was
"doubtful whether the verdict could be sustained" as to the
1,007 acres standing alone; that if he could regard it as the

honest, intelligent verdict of the jury, arrived at by them upon an honest consideration of the testimony, he might not feel warranted in disturbing it; but concludes that it could not stand as it was, and then held that the plaintiff could not recover for any damages to the 165 acres, and that he would allow the verdict to stand as to the 1,007 acres only on condition that the plaintiff should remit therefrom $1,000, which she did, and judgment was thereupon entered for the balance. Counsel contend that the view which the trial judge took of the verdict left him without any discretion to allow the verdict to stand on condition that the plaintiff would remit the amounts specified, and gave to the defendant the absolute right to have the verdict set aside, and for a new trial. It is to be remembered that in an action of tort, where there is no fixed legal rule of compensation, a court is not at liberty to set aside a verdict on the ground that it is excessive, unless it is so excessive as to create the belief that the jury have been *misled either by passion, prejudice, or ignorance.* *Corcoran v. Harran,* 55 Wis. 128, and authorities there cited; *Murray v. Buell,* 74 Wis. 17; *Heddles v. C. & N. W. R. Co.* 74 Wis. 259; *Brown v. Vannaman,* 85 Wis. 456; *Gillan v. M., St. P. & S. S. M. R. Co.* 91 Wis. 633; 3 Sedgw. Dam. (8th ed.), §§ 1320–1323. The ruling of the trial court on the motion for a new trial was fully justified.

We find no reversible error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.