THE HON. WILLIAM L. HOLLOWAY,
THE HON. JOHN HURLY,
*THE HON. GEORGE Y. PATTEN,  } Associate Justices.
THE HON. CHARLES H. COOPER,
†THE HON. JOHN A. MATTHEWS,

---

PURE OIL CO. ET AL., RESPONDENTS, *v.* CHICAGO, MILWAU-
KEE & ST. PAUL RY. CO. ET AL., Appellants.

(No. 4,039.)

(Submitted September 13, 1919. Decided October 7, 1919.)

[185 Pac. 150.]

*Railroads—Fires on Right of Way—Statutory Liability—Plead-
ings and Practice—Complaint—Defenses—Origin of Fire—
Actionable Negligence—Evidence—Trial—Nonsuit—Instruc-
tions—General Verdict.*

Railroads—Fire on Right of Way—Statutory Liability—Complaint—Con-
tents.

    1. In an action to recover damages, under section 4310, Revised
Codes, for the destruction of property by fire communicated to it
through combustible material permitted by a railway company to

---

  *Resigned November 8, 1919.
  †Appointed November 24, 1919, to succeed Hon. George Y. Patten,
resigned.
  On admissibility of evidence of other fires, in case of railroad fires, see
note in 32 L. R. A. (n. s.) 1146.
  On duty and obligation of railroad company to guard against setting out
fires, see note in 9 L. R. A. 750.

accumulate on its right of way, a *prima facie* case of negligence is established by showing that defendant permitted the accumulation of such material on its right of way; but to enable plaintiff to recover, he must show also that the property was destroyed by fire emanating from the operation of the railroad, and that the combustible material was an agency through which the fire was communicated to the property destroyed.

Negligence—When Actionable.
2. Negligence gives rise to a cause of action only when it is a proximate cause of injury.

Railroads—Fire on Right of Way—Damages—What not a Defense.
3. The fact that defendant railway company may have exercised the highest degree of care in equipping and operating its locomotives is no defense in an action of the nature of the above (par. 1) if it permitted combustible material to accumulate on its right of way and thus become an active agency in communicating fire, which escaped from a locomotive used in the operation of its road to adjacent property.

Same—*Prima Facie* Case of Negligence—How Overcome.
4. A *prima facie* case of negligence established by plaintiff in an action brought under section 4310, Revised Codes, may be overcome by evidence that the railway company exercised reasonable care to keep its right of way free from combustible material.

Same—Nonsuit—Failure to Stand upon Motion—Effect.
5. By failing to stand upon its motion for nonsuit, defendant assumed the risk of aiding plaintiff's case by its own evidence, and where the defect in the latter's case is so cured, error cannot be predicated upon the court's refusal to grant the motion.

Same—Negligence—Provable by Circumstantial Evidence.
6. The presence of combustible material on a railroad's right of way, and the communication of fire from a locomotive through the agency of such material to adjacent property, may be established by circumstantial evidence.

Same—Origin of Fire—Circumstantial Evidence.
7. The origin of fire may be established by inferences drawn from slight circumstantial evidence.

Trial—Striking Answer of Witness—When Motion Too Late.
8. After a question has been answered by a witness, a motion to strike the answer is too late.

Railroads—Fires on Right of Way—Evidence of Other Fires—Admissibility.
9. Evidence that fires other than the one made the basis of an action against a railroad company under section 4310, Revised Codes, had been set on its right of way in the same neighborhood, about the same time, by other locomotives operated by it, was competent as tending to prove that it had permitted combustible material to accumulate on its right of way.

Trial—Evidence Admissible if Competent upon Any Issue.
10. If evidence was competent upon any issue raised by the pleadings; its introduction was proper, though it may have been incompetent as proof of any other fact.

Same—Erroneous Instructions Favorable to Appellant—Harmless Error.
11. Error in giving instructions which were inapplicable to the facts, but more favorable to appellant than to respondent, was harmless.

Railroads—Fire on Right of Way—Instruction—Harmless Error.
    12.   The evidence having shown that there was only one locomotive of defendant upon a certain track upon which the fire started which destroyed plaintiff's building, an instruction which referred to *any* locomotive of the company as the agency through which the fire was permitted to escape could not have prejudicially affected the rights of defendant in the eyes of the jury.

Trial—Charge to Jury—To be Viewed as a Whole.
    13.   The charge to the jury is to be considered as a whole and the several instructions reconciled, if possible.

Same—Defenses—Effect of General Verdict.
    14.   The several defenses interposed by defendant railway company having been properly submitted to the jury, its general verdict was, in effect, a finding against it upon each of them.

    [As to validity of law imposing duty to equip locomotive engines with spark-arresters and making communication of fire *prima facie* evidence of negligence, see note in 62 Am. St. Rep. 171.]

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by the Pure Oil Company and another against the Chicago, Milwaukee & St. Paul Railway Company and another. Judgment for plaintiffs, and from an order denying its motion for a new trial, defendants appeal.   Affirmed.

*Mr. Chas. J. Marshall,* for Appellants, submitted a brief and argued the cause orally.

It was prejudicial error to admit testimony of fires set by other engines.   (33 Cyc. 1374; *Jacksonville etc. Ry. Co.* v. *Peninsular Land etc. Co.,* 27 Fla. 1, 157, 17 L. R. A. 33, 9 South. 661, 689; *Inman* v. *Elberton Air-Line R. Co.,* 90 Ga. 663, 35 Am. St. Rep. 232, and note, 16 S. E. 958; *Green Ridge R. Co.* v. *Brinkman,* 64 Md. 52, 54 Am. Rep. 755, 20 Atl. 1024; *Campbell* v. *Missouri Pac. R. Co.,* 121 Mo. 340, 42 Am. St. Rep. 530, 25 L. R. A. 175, 25 S. W. 936; *Henderson* v. *Philadelphia etc. R. Co.,* 144 Pa. St. 461, 27 Am. St. Rep. 652, 16 L. R. A. 299, 22 Atl. 851.)

The court erred in giving instruction No. 10, that if it had been shown that fire escaped from defendant's locomotive, the burden shifted to it to show that it did so without its fault.

The best statement of the rule is found in 11 R. C. L., page 990, section 42, title "Fires," and in section 44 of the same

title, page 992: "A number of the courts deny any effect to the presumption or *prima facie* case as substantive evidence after the defendant has introduced his evidence, and hold that in every case in which the defendant's evidence is uncontradicted, is conclusive in its character, and covers every fact essential to exonerate the defendant, the question of defendant's negligence must be taken away from the jury and a verdict directed for defendant, or, at least, that a verdict for plaintiff should be set aside as contrary to the evidence." (See, also, *Louisville etc. R. Co.* v. *Marbury Lumber. Co.*, 125 Ala. 237, 50 L. R. A. 620, 28 South. 438; *Osburn* v. *Oregon R. etc. Co.*, 15 Idaho, 478, 16 Ann. Cas. 879, and note, 19 L. R. A. (n. s.) 742, 98 Pac. 627; *Clark* v. *Grand Trunk Western R. Co.*, 149 Mich. 400, 12 Ann. Cas. 559, 112 N. W. 1121; *Spaulding* v. *Chicago etc. R. Co.*, 30 Wis. 110, 11 Am. Rep. 550; notes, 1 Ann. Cas. 817; 16 Ann. Cas. 884; 5 L. R. A. (n. s.) 100, 104.)

The appellant was not required to produce a preponderance of the evidence bearing on the question of negligence in order to overcome the *prima facie* case, but it was sufficient if it produced enough evidence to counterbalance that by which the *prima facie* case was made out. (*Toledo etc. R. R.* v. *Star Flouring Mills Co.*, 146 Fed. 953, 77 C. C. A. 203, 208; *St. Louis etc. R. Co.* v. *Moss*, 37 Tex. Civ. App. 461, 84 S. W. 281; *Galveston etc. R. Co.* v. *Chittim*, 31 Tex. Civ. App. 40, 71 S. W. 294.)

*Mr. E. K. Cheadle,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The plaintiff Pure Oil Company owned a warehouse situated on the right of way and within ten feet of the industry track of the Chicago, Milwaukee & St. Paul Railway Company, in Lewistown. On April 15, 1913, the warehouse and its contents

were destroyed by fire, and this action was brought to recover damages.

The gravamen of the charge is that on and prior to April 15, 1913, the railway company negligently permitted combustible material to accumulate on its tracks, on either side thereof, for a distance of 100 feet, and adjacent to plaintiff's warehouse on its right of way in Lewistown; that on the fifteenth day of April, 1913, it negligently permitted fire to escape from one of its locomotives operated by Engineer John McCullough, and that the fire so permitted to escape was communicated to the combustible material, and through it to the warehouse, causing the damage for which compensation is sought.   The insurance company is interested in the cause of action to the extent of $4,000, the amount paid by it as insurance upon the property destroyed.

, For the purpose of this appeal it may be said that the answer consists of a general denial, an affirmative allegation that as lessee, plaintiff oil company had waived any claim for damages, and a plea of contributory negligence.   Upon the affirmative matter there was issue by reply.   The trial resulted in a verdict for plaintiffs against the railway company, which has appealed from an order denying it a new trial.

Though there are unnecessary allegations in the complaint, it is apparent that recovery is sought upon the statutory liability declared by section 4310, Revised Codes, and that the complaint does not state a cause of action upon any other theory.   This theory, to the exclusion of any other, is emphasized by instruction No. 1 given by the court without exception from either party.

Section 4310 above provides: "It shall be the duty of all railroad corporations or railroad companies operating any railroad within this state to keep their railroad track, on either side thereof, for a distance of one hundred feet on each side of the track or roadbed, so far as it passes through any portion of this state, free from dead grass, weeds or any dangerous or combustible material; and any railroad company or corporation failing to keep its railroad track and each side thereof free as above

specified, shall be liable for any damage which may occur from fire emanating from operating such railroad, and a neglect to comply with the provisions of this section in keeping free any railroad track, and either side for a distance equal to the space of ground covered by the grant or right of way for the railroad corporation or company, shall be *prima facie* evidence of negligence on the part of any such railroad corporation or company. But no railroad corporation or company shall be required to keep free as above specified any land not a part of its right of way.''

It is urged upon us that the evidence is insufficient to sustain the verdict. The determination of this contention must of necessity depend upon the answer to the inquiry, What evidence is necessary to make out a case under the statute?

1. Plaintiff Pure Oil Company must show that the railway [1] company permitted combustible material to accumulate on its right of way within a distance of 100 feet on either side of its roadbed. This fact being shown, a *prima facie* case of negligence is established.

2. It must show that its property was destroyed by fire emanating from the operation of the railroad; and

3. The amount of its damages.

At first blush it would seem that proof of these facts is all [2] that the statute requires; but negligence never gives rise to a cause of action unless it is a proximate cause of injury (*Cummings* v. *Reins Copper Co.*, 40 Mont. 599, 107 Pac. 904; *Markinovich* v. *Northern Pac. Ry. Co.*, 55 Mont. 139, 174 Pac. 183); and, in view of this rule of universal recognition, the statute above was early construed to impose upon the plaintiff the additional burden of showing that the accumulated, combustible material was an agency through which the fire was communicated to plaintiff's property; or, in other words, plaintiff was required to show that the negligence complained of was a proximate cause of his damage. (*Diamond* v. *Northern Pac. R. Co.*, 6 Mont. 580, 13 Pac. 367; *Spencer* v. *Montana Central Ry. Co.*, 11 Mont. 164, 27 Pac. 681.),

Further than this, however, the statute does not go; and plaintiffs' allegation that fire was negligently permitted to escape from the locomotive was surplusage. If the plaintiffs intro-
**[3]** duced evidence to show that the railway company permitted combustible material to accumulate on its right of way, in violation of the statute; that fire escaped from a locomotive used in the operation of the road; that the fire was communicated to the warehouse by reason of the presence of the combustible material—then it was altogether immaterial what degree of care was exercised in equipping or operating the locomotive. (*Diamond* v. *Northern Pac. Ry. Co.*, above.) The locomotive in question may have been of the very best type, equipped with the most highly approved apparatus for preventing the escape of fire, and the engineer may have done all that science and skill could suggest in his management and operation of it, and still the railway company would be liable because of its negligence in permitting the combustible material to accumulate and become an active agency in communicating the fire to the adjacent property. The authorities supporting this rule are too numerous to be cited. They will be found in the notes to 11 R. C. L. 969, 2 Thompson's Commentaries on the Law of Negligence, sec. 2270, and 8 White's Supplement, sec. 2270; 33 Cyc. 1340. This disposes of the criticism of instruction 7, and the assignment that the court erred in refusing defendant's offered instruction 3.

The supposititious case stated is only a *prima facie* case, and
**[4]** may be overcome by evidence that the railway company exercised reasonable care to keep its right of way free from combustible material. This is the rule stated by the statute.

It is not necessary to determine whether plaintiffs made out
**[5]** a *prima facie* case when they first rested. By failing to stand upon its motion for nonsuit, defendant assumed the risk that its own evidence might aid plaintiffs' case. (*Cain* v. *Gold Mt. Min. Co.*, 27 Mont. 529, 71 Pac. 1004; *Yergy* v. *Helena L. & Ry. Co.*, 39 Mont. 213, 18 Ann. Cas. 1201, 102 Pac. 310.)

We have for determination now the question, Is the evidence in its entirety sufficient to sustain the verdict? We answer this inquiry in the affirmative, and remark, in passing, that plaintiffs' case was aided materially by evidence introduced by the defense. It is elementary that a defendant cannot predicate error on the refusal of the court to grant a nonsuit if his own evidence thereafter produced cures the defects in plaintiff's case. (*Yergy* v. *Helena L. & Ry. Co.,* above.)

The evidence tends to prove these facts: About 5:30 o'clock on the afternoon of April 15, 1913, defendant's locomotive, in charge of Engineer McCullough, was standing on the industry track immediately back and west of the oil warehouse; that the fire was discovered burning over the area between the track and the warehouse, finally reaching the warehouse, and consuming it and its contents. Immediately after the fire, and after the locomotive was moved, a pile of hot ashes and live coals of fire was discovered on the industry track, in about the same location as that occupied by the locomotive. The ties on the track were burned at and about the place where the live coals were found. There was evidence that at the time of the fire, and for a considerable period prior thereto, combustible material, waste and débris had been suffered to accumulate on the track and right of way, and particularly upon the space between the industry track and the warehouse. The fact that the witness Bradley saw fire burning between the industry track and the warehouse is very conclusive evidence that combustible material of some character had accumulated on that intervening space and fed the fire. The live coals were west of the warehouse, and there was a strong wind blowing from the west at the time, which drove the fire toward and against the warehouse. No one saw the fire dropped from McCullough's locomotive or saw it ignite the combustible material; but, notwithstanding these omissions, we think the evidence is sufficient to sustain a finding that the fire was dropped by the locomotive in question, and that it was communicated by means of this combustible material to the oil warehouse.

While it is necessary, in order to sustain this judgment, that [6] the record contain evidence tending to prove the presence of combustible material on the roadway and space intervening between it and the warehouse, the escape of fire from a locomotive used in the operation of the road, and communication of the fire through the agency of the combustible material to the warehouse, these facts may all be established by circumstantial evidence (11 R. C. L. 994); indeed, it is seldom possible to produce eye-witnesses to testify to them directly.

Plaintiffs produced evidence that defendant had suffered combustible material to accumulate on its industry track and on the space intervening between that track and the oil warehouse. From the position of McCullough's locomotive at the time the fire was discovered, and the location of the live coals immediately after the locomotive was moved, the jury might legitimately infer that the coals were dropped by the locomotive. [7] "The origin of fire has generally been held sufficiently established by inferences drawn from slight circumstantial evidence." (*Union Pac. Ry. Co.* v. *De Busk*, 12 Colo. 294, 13 Am. St. Rep. 221, 3 L. R. A. 350, 20 Pac. 752; *Beggs* v. *C. W. & M. R. Co.*, 75 Wis. 444, 44 N. W. 633; *Abrams* v. *Seattle & M. Ry. Co.*, 27 Wash. 507, 68 Pac. 78, and numerous cases therein cited and reviewed.) This is likewise the effect of the holding in *Marron* v. *Great Northern Ry. Co.*, 46 Mont. 593, 129 Pac. 1055. So, likewise, from the facts that combustible material was upon the ground between the industry track and the warehouse; that the wind was blowing from the west; that the live coals were west of the warehouse; that the fire was seen burning between the industry track and the warehouse, running toward the east and toward the warehouse; and that the warehouse caught on the end next to the track—the jury might properly infer that the combustible material was the agency which communicated the fire from the coals to the warehouse.

Complaint is made that the court permitted certain witnesses to testify that other fires had been set on the railway right of way in the same neighborhood, about the same time, by other

locomotives operated by the defendant. No objection was in-
[8]   terposed to the question asked the witness Day. A party
cannot sit by, without objection, speculate as to whether the evi-
dence may not be favorable to him, and then move to strike it
out when it appears to be prejudicial. (*Yoder* v. *Reynolds*, 28
Mont. 183, 72 Pac. 417.) But the evidence was competent, not
for the purpose of showing negligence in the equipment or
[9]   operation of the locomotive in question, but as tending to
prove that the defendant had permitted combustible material
to accumulate on its right of way; for without the presence of
combustible material it would have been impossible that the fires
could have occurred. (*Abrams* v. *Seattle & M. Ry. Co.*, above.)
[10]   If the evidence was competent upon any issue raised by
the pleadings, it was not error to permit its introduction.

Neither instruction 4 nor 10 given by the court was appli-
cable to the facts of this case. These instructions are to the
effect that, if the plaintiffs had shown that the fire escaped from
defendant's locomotive, the burden was then cast upon the de-
fendant to show that it did so without defendant's fault or
negligence. As we have heretofore observed, it was not neces-
sary for plaintiffs to prove negligence in permitting the fire to
escape from the locomotive, and, if defendant had proved con-
clusively that the fire escaped notwithstanding it exercised the
highest degree of care, it would have constituted no defense.

The instructions referred to were therefore more favorable to
[11]   defendant than to plaintiffs, and the error in giving them
was without prejudice.

Instruction 12 refers to *any* locomotive of the defendant com-
[12]   pany as the agency which permitted the fire to escape,
and exception is taken to it on that account. It is argued that
plaintiffs' pleadings and proof had narrowed the issue to the
particular locomotive operated by Engineer McCullough, and
with this we agree; but the evidence showed, and the jury must
have understood, that no other locomotive was upon the indus-
try track on the day of the fire, and therefore the indefinite
reference could not have applied to any other locomotive. It

is said also that this instruction ignores plaintiffs' theory "that the fire was communicated from combustible material unlaw- fully on the right of way," but in this counsel is in error.

The court by instruction 7 had fully and fairly stated to the [13] jury the facts which it was necessary for plaintiffs to establish in order to make out their case, and these facts it was not necessary to repeat. The charge is to be considered as a whole, and the several instructions reconciled if possible.

The defense of contributory negligence and the defense that the oil company had by its lease relieved the defendant from [14] the payment of compensation for loss occasioned by fire were properly submitted to the jury, and the general verdict is, in effect, a finding against the defendant upon each of these defenses.

We find no reversible error in the record. The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY, PATTEN and COOPER concur.

Rehearing denied November 6, 1919.