U. C. NICKERSON, Plaintiff in Error.

*vs.*

THOMAS MORIN, Defendant in Error.

ERROR TO THE WALWORTH COUNTY COURT.

The account books of the party, when properly verified, are *prima facie* evidence, and evidence to impeach the general character of the party offering them, is inadmissible.

An error wholly immaterial, and working no injury to the party who complains of it, is no ground for reversing the judgment; but it is incumbent upon the defendant in error to show that the error is innoxious.

This suit was commenced by the defendant in error against the plaintiff in error, before a justice of the peace of Walworth county. The plaintiff declared in assumpsit upon a promissory note and book account. The defendant pleaded the general issue and gave notice of set off, and also filed bill of particulars. On the trial the defendant produced and offered in evidence his account books, and was sworn in conformity with the statutes, which were received in evidence by the justice. The plaintiff then offered evidence to impeach the general character of the defendant for truth and veracity. To this the defendant objected, but the objection was overruled, and the evidence admitted. The plaintiff obtained judgment.

The cause was removed by certiorari to the County Court, where the judgment of the justice was affirmed.

*Lyman Cowdry*, for the plaintiff in error.

*Wm. P. Lyon*, for defendant in error.

*By the Court*, SMITH, J. It is insisted by the coun-

sel, that this case is distinguished from that of *Winne vs. Nickerson*, 1 *Wis R.* 1, in that it appears that the account books of the plaintiff in error were received in evidence, and from the small amount of judgment rendered, it must be apparent that the items charged therein were allowed.

The fact that the account books of Nickerson were *received*, does not vary this case from the one heretofore decided. The books were received in evidence in that case. The error consisted in admitting evidence to impeach the party who verified them, and thus to lessen the credibility which the statute *prima facie* gave to the books. It is precisely so in the case at bar. To what end could the impeaching evidence have been offered, if not to destroy the weight which the statute attaches to the books of the party?

But it is said that Nickerson was not injured by the error, if any there was, by the admission of such evidence, as it is apparent from the small amount of the judgment that his whole account as evidenced by his books, thus verified, was allowed by the judgment of the justice. An error perfectly immaterial, and which could work no injury to the party complaining of it, ought not to be cause for reversing a judgment; but we have carefully footed up the several items charged in the bill of particulars furnished by the respective parties, and we are unable to ascertain that all of the book-items of the plaintiff in error were allowed. Hence an injury might have occurred to him, and it is incumbent upon the defendant in error to show that the error, if any, was innoxious to the plaintiff in error.

Judgment reversed with costs, and cause remanded.