## JOHANNESSON VS. BORSCHENIUS.

TROVER: DAMAGES. (1) *Rule as to damages in trover; the action not maintainable against one having legal title.* (2) *When damages recoverable in assumpsit, but not in trover.* (3) *Damages for breach of contract not recoverable in action of tort.*

REVERSAL OF JUDGMENT. (4) *Admission of improper evidence generally fatal to the judgment.* (5) *The rule applied.*

1. Defendant bid off forfeited school lands, at a public sale thereof, paid the amount required, and took from the proper officers the usual receipt, which stated that such payment by him entitled *him* to certificates for such land upon return of the receipt to the office of the secretary of state. This receipt he delivered to plaintiff with an indorsement thereon, signed by himself, to the effect that for value received ($75.00) he assigned, transferred and set over to plaintiff the lands called for in said receipt. Afterwards he obtained from the land office the certificates of sale of said lands, and also got possession of said indorsed receipt, and refused for some time to assign and deliver the former or return the latter to plaintiff. *Held,* in an action as for the *conversion* of said papers, etc.,

(1.) That plaintiff could recover in such action damages for the trouble, loss and expense to which he had been subjected in consequence of defendant so retaining the *receipt,* including the expense to which he was put in recovering the same, and such punitive damages as the jury should think defendant ought to pay in case they found his conduct on the occasion of such conversion to have been fraudulent and oppressive, malicious or insulting.

(2.) That defendant was the *legal owner* of the *certificates* (although plaintiff might have had a remedy in equity to compel an assignment and delivery of them to himself); and plaintiff could not maintain the action for a conversion of such certificates.

2. *It seems* that whatever expense, trouble or loss of time plaintiff incurred in procuring the assignment and delivery to him of the certificates,

and in setting aside a *patent* issued thereon to a third person to whom defendant had previously assigned them, might be recovered for in an action in the nature of *assumpsit*, for a breach of plaintiff's *implied promise* not to take the certificates or the patent, or the title of the land, to himself or any third person.

3. The essential difference between actions *ex delicto* and actions *ex contractu*, in the form and effect of the judgments therein, forbids the recovery in an action of tort of damages for a breach of contract, if any proper objection be taken. *Supervisors v. Decker*, 30 Wis., 631; *Anderson v. Case*, 28 id., 505.

4. In general the admission of improper evidence, against appellant's objection, is fatal to the verdict and judgment, unless the jury were positively directed to disregard it; and even then the error will not be cured if it appears that the verdict was in any way affected by it to appellant's injury.

5. Plaintiff was permitted, against objection, to give evidence of the expense and trouble to which he was put about the certificates and for the purpose of setting aside the patent. The jury were instructed, however, that no damages could be allowed plaintiff "in any manner arising from the withholding of said certificates," nor for his attorney's fees paid or charged for their recovery, and none for his own time spent in the effort to obtain them from defendant. No specific instructions were given as to plaintiff's trouble and expense in and about setting aside the *patent*. *Held*, on defendant's appeal, that the effect of this evidence upon the verdict for plaintiff cannot be known; and the judgment must be reversed.

APPEAL from the Circuit Court for *Dane* County.

Action for the alleged conversion by defendant of a receipt given by the state treasurer and secretary of state, at a sale of forfeited school lands, entitling defendant to certificates for the land upon return of the receipt to the office of the secretary of state, and also for the alleged conversion of the school land certificates. The complaint contained two counts, one for the conversion of the receipt, the other for the conversion of the certificates. It appeared in evidence that *Borschenius* attended the sale of forfeited school lands, and bid in a particular tract of land, for which he received the receipt in question. He afterwards agreed with *Johannesson* to sell him the land for $75 cash and the money due the state. Plaintiff paid the $75, and defend-

ant delivered to him the receipt, having indorsed on it the fol-
lowing: "For value received ($75.00), I hereby assign, trans-
fer and set over [to] *Andreas Johannesson* the lands called for
in the within receipt. Dated Dec. 11th, 1871. H. BORSCHE-
NIUS." *Borschenius* afterwards obtained the certificates, and
sold them to one Washburn, to whom the land was patented,
and also obtained possession of the receipt, which he retained
for a short time and then re-delivered to *Johannesson.* He af-
terwards caused the patent to be canceled, and re-assigned and
delivered the certificates to *Johannesson.* Plaintiff was allowed
to give evidence of trouble and expenses incurred by him, in-
cluding attorney's fees, not only for the purpose of getting the
receipt returned, but also for the purpose of obtaining posses-
sion of the certificates, and of having the patents issued to
Washburn set aside; and he testified that he lost one month's
time, worth $3 per day, in getting the matter all set right, and
that his attorney's charges were $150. The instructions of the
court are sufficiently stated in the opinion. Verdict for plaint-
iff, for $200 damages; and judgment thereon; from which de-
fendant appealed.

*Vilas & Bryant,* for appellant, argued that the school land
certificates were the defendant's by legal title, and had never
been assigned to the plaintiff, or in his possession. If he had
any interest whatever, derived from the assignment on the back
of the receipt, it was equitable, and to the land rather than
the certificates. *Jarvis v. Dutcher,* 16 Wis., 307, 316. Yet the
court permitted evidence to go to the jury as to time spent and
attorney's fees incurred in getting back the certificates, when
such damage was not even charged in the complaint. See *Bar-
ney v. Douglas,* 22 Wis., 464; *Birchard v. Booth,* 4 id., 67. That
this evidence improperly influenced the verdict of the jury, can-
not reasonably be denied. There was nothing in the evidence to
distinguish what, if any, of the expenses claimed flowed from the
alleged conversion of the receipt, and what from the certifi-
cates, but it was all charged in gross. Even if the jury had

been instructed to disregard this evidence, and this verdict had still been rendered, the judgment must have been reversed. For it is beyond possibility that a lawyer should say that this evidence did not improperly influence the jury; and if there is any reason to believe it did, an instruction to disregard it does not cure error. *State Bank v. Dutton,* 11 Wis., 371; *Remington v. Bailey,* 13 id., 332; *Castleman v. Griffin,* id., 535; *Posey v. Rice,* 29 id., 93.

*Welch & Botkin, contra,* argued that the general instruction of the court laid down the correct rule; that if even nominal damages are otherwise found, and the jury also find that the taking and conversion were willful and malicious, then it is their sole province to say how much punitory damages should be allowed. *McWilliams v. Bragg,* 3 Wis., 424, and cases there cited.

DIXON, C. J. The judge instructed the jury that the only cause of action for the conversion of property, proved or which the evidence tended to prove, was for the taking and detention of the receipt. He charged that the school land certificates, mentioned in the second count of the complaint, were, at the time of the alleged conversion of them by the defendant, the property of the defendant by *legal title,* and consequently that whatever right the plaintiff might have had in equity to compel a transfer of them, if any, yet the defendant could not be found to have converted them as against the plaintiff. We are of opinion that the judge was correct in these propositions, and hence that the only damages recoverable in this action are those growing out of the alleged conversion of the receipt, to wit, for the trouble, loss and expense to which the plaintiff was subjected in consequence of its having been taken and detained, and in order to regain possession of it, together with such vindictive damages, if any, as the jury shall think the defendant ought to pay, in case they find his motives and conduct on the occasion of the alleged conversion to have been fraudulent and op-

pressive, malicious or insulting. The case stood, therefore, upon the final summing up and charge of the court, as if there had been no second count in the complaint, but only a count for the conversion of the receipt.

In this view of the case, which we have already said we regard as correct, it is obvious that there was considerable testimony introduced in behalf of the plaintiff upon the trial, and to which the defendant objected, which ought to have been rejected. Such was the character of all the evidence the plaintiff was permitted to give of the expenses he incurred and the loss and trouble to which he was put about the certificates, and for the purpose of setting aside the patent. This was foreign to the only good cause of action stated, and of which any proof was given, and was incompetent and improper testimony. It was evidence of damages which could not be recovered in this action, but which sounded in contract and not in tort, and hence were recoverable, if at all, only in an action of *assumpsit*, or of that nature, for a breach of the implied promise of the defendant not to take the certificates or the patent or the title of the lands to himself or to another, but to cause them to be transferred to the plaintiff. The essential difference between actions *ex delicto* and *ex contractu*, and in the nature and effect of the judgment, is well known, and positively forbids the recovery of damages upon contract in an action of tort, if any proper objection be taken. *Supervisors v. Decker*, 30 Wis., 631; *Anderson v. Case*, 28 id., 505.

The effect of admitting improper evidence is well understood. It is fatal to the verdict and judgment, unless the jury were positively directed to disregard it; and even then the error will not be cured if it appears that their verdict was in any way affected by it. *State Bank v. Dutton*, 11 Wis., 371; *Johnson v. Hamburger*, 13 id., 175; *Remington v. Bailey*, id., 332; *Castleman v. Griffin*, id., 535; *Conklin v. Parsons*, 1 Chand., 240 (2 Pinney, 264); *Rœbke v. Andrews*, 26 Wis., 351, 354. At the request of the defendant, the court instructed the jury that no

damages could be allowed or assessed to the plaintiff in any manner arising from the withholding of the school land certificates, nor for his attorneys' fees charged or paid for the recovery of them, and none for his own time spent in the effort to obtain them from the defendant. It can hardly be said that this was equivalent to a positive direction to the jury, in their consideration of the case, to disregard all the evidence which had been given upon that subject; but if it was, still the evidence respecting that trouble and expense in and about the setting aside of the patent remained untouched. The jury were left to consider that evidence, which was improperly received, and no one knows what effect it may have had upon their verdict.

*By the Court.*— Judgment reversed, and a new trial awarded.