Rooney, Respondent, vs. The Milwaukee Chair Company, Appellant.

*February 8 — February 23, 1886.*

*Parent and child: Action for loss of services: Evidence: Damages: Reversal of judgment.*

In an action by a father to recover for loss of services of his minor child by reason of an injury alleged to have been caused by the defendant's negligence, evidence as to the pecuniary condition of the plaintiff, the amount of his property, what he earned per day, the size of his family, or his own physical condition, is inadmissible. In this case such evidence having been admitted against objection, and the jury not having been expressly instructed to disregard it, a judgment in favor of the plaintiff is reversed.

APPEAL from the County Court of *Milwaukee* County. The facts will sufficiently appear from the opinion. There was a verdict for the plaintiff, and from the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Markham & Noyes*, and oral argument by *Mr. Noyes*. To the point that in an action like this the parent can recover only for loss of services and the expenses of the illness and cure, and that evidence of the poverty or sickness of the parents, or the size of the family, is inadmissible, they cited 3 Suth. on Dam. 279, 725, 727, and cases cited; 2 Thomp. on Neg. 1260, 1263; *Pennsylvania Co. v. Roy*, 102 U. S. 451; *C. & N. W. R. Co.*

*v. Bayfield,* 37 Mich. 205; *C. & N. W. R. Co. v. Moranda,* 93 Ill. 302; *Ill. Cent. R. Co. v. Baches,* 55 id. 379; *C. & N. W. R. Co. v. Howard,* 6 Bradw. 569; *Beems v. C., R. I. & P. R. Co.* 58 Iowa, 150; *Rowe v. Moses,* 67 Am. Dec. 567–8, note.

*Henry L. Buxton,* for the respondent, to the point that the improper admission of evidence which does not affect the verdict is not ground for reversal, cited *Dimmick v. Mil. & St. P. R. Co.* 18 Wis. 471; *Stilling v. Thorp,* 54 id. 528; *Hazleton v. Union Bank,* 32 id. 34; *Davis v. Fulton,* 52 id. 657; *Noonan v. Ilsley,* 22 id. 27–38; *Fowler v. F. L. & T. Co.* 21 id. 77; *Mead v. Hein,* 28 id. 533; *Roach v. Menomonie,* 24 id. 527.

COLE, C. J. This is an action by a father to recover damages for an injury to his minor son while in the employment of the defendant. The gist of the complaint is that the servants of the defendant negligently set the boy to work in an unsafe and unsuitable place, or directed him to do a dangerous act near by or upon a circular rip-saw, whereby he was exposed to great risk, without cautioning him as to the danger to which he was exposed. The boy's right arm and wrist were caught under a feed wheel or saw and injured. The action is to recover for the loss of the services of the boy, and as incidental to this the expense of nursing him. On the trial the plaintiff was permitted to prove, against the defendant's objection, his pecuniary condition, the amount of his property, what he earned a day, the size of his family, and his own physical condition. It needs no argument to show that this evidence was clearly incompetent, and it was error to admit it. *Pennsylvania Co. v. Roy,* 102 U. S. 451; *Chicago v. O'Brennan,* 65 Ill. 160; *P., Ft. W. & C. R. Co. v. Powers,* 74 Ill. 343; 3 Suth. Dam. 727, and cases cited in note 5. As we have said, the *gravamen* of the action was the loss of the boy's service. To intro-

duce then evidence of the plaintiff's poverty, or of the size of his family, or of the amount he could himself earn a day, was entirely outside of the issue, and could have had no other effect upon the jury than to enhance the amount of the recovery beyond what the law allowed. It is obvious it had no legitimate bearing upon the question of the boy's services of which the plaintiff had been deprived, or of his diminished capacity to earn money while a minor.

The learned counsel for the plaintiff does not seriously contend that this evidence was admissible, but he says the defendant was not prejudiced by its introduction. It is not claimed that this evidence was withdrawn from the case, or that any direction was given by the trial court to the jury not to consider it; but the contention is, because the court instructed the jury if they found for the plaintiff they must base their verdict upon actual compensatory damages proven,— actual earnings lost in consequence of the boy's being prevented on account of the injury from working,— that this was equivalent to a direction that the poverty of the plaintiff had nothing whatever to do with the case. Besides, it is said the amount of the verdict, being only for $200, shows that the admission of this improper testimony did not influence the jury.

This court has frequently decided it would not reverse a judgment because irrelevant testimony was admitted on the trial, when it was apparent that such evidence had no improper influence upon the jury. *Fowler v. Farmers' L. & T. Co.* 21 Wis. 77; *Noonan v. Ilsley*, 22 Wis. 39; *Hazleton v. Union Bank*, 32 Wis. 34. But where there is reason to suppose the rights of a party were prejudiced by the admission of the improper testimony, the judgment will be reversed on that ground. *State Bank v. Dutton*, 11 Wis. 371; *Remington v. Bailey*, 13 Wis. 333. It has been held that the error of admitting such testimony was cured by a subsequent direction of the court to the jury not to con-

sider it. *Pennsylvania Co. v. Roy*, 102 U. S. 451. In the case at bar the court was silent as to the effect which should be given the testimony, "but such silence was by no means equivalent to a positive direction to the jury to disregard it." *Castleman v. Griffin*, 13 Wis. 539.

We cannot presume from the amount of the verdict that the jury were influenced in their finding by only legal evidence. On the contrary, there is much ground for saying that this evidence as to the poverty of the plaintiff and the size of his family, worked upon the sympathies of the jury, and increased the damages. It would be difficult to show from the evidence that the actual loss to the plaintiff resulting from the injury to his son amounted to anything like $200. And if the plaintiff should recover anything for the injury,— a proposition which we should hesitate to affirm upon the facts appearing upon this record,— he was not entitled to recover that amount. The boy was earning but two dollars a week when hurt, and he was disabled for only a few weeks. The injury was slight.

It is a very grave question, in view of the facts, whether the defendant was at all in fault in the matter, or whether any actionable negligence was shown on the part of its servants. The boy gives no satisfactory account of the way the accident happened. He says he was directed by the sawyer to take the oil-can and oil the saw; that while doing this his shirt sleeve, which was hanging loosely, was caught in the feed-saw, and he was injured. It is difficult to understand how his shirt sleeve could have been caught in the feed-saw, situated as that was, and standing where he did, if he simply did the thing which he said he was directed to do, *i. e.*, oil the rip-saw on the left side. It would not seem to be a dangerous thing to do to squirt oil upon the side of the saw, even when it was in motion. The witnesses of the defendant say that no such order was given him to execute. The boy does not seem to have been engaged to do any par-

ticular work. He was hired to work in the shop on the lower floor, to take charge of sticks and carry them from the saw, and to do whatever the sawyer told him to do. It may well be that it was not a part of his duty to oil the saw, and that this was outside his service. Still, if he was employed to do whatever the sawyer directed him to do, the risk of oiling the saw, if attended with danger, might be incident to his contract of service. Or if he was directed by the sawyer to do a dangerous thing without being cautioned as to the peril, it might possibly be the negligence of a fellow-servant. The difficulty with the case is that it does not appear how the accident happened. Of course, negligence must be shown in order to hold the defendant liable for the injury. We deemed it proper to throw out these suggestions which occurred to us on an examination of the case, because they afford additional reasons for holding that there should be a new trial.

*By the Court.*— The judgment of the county court is reversed, and a new trial ordered.