The Dr. HARTER MEDICINE COMPANY, Appellant, vs. HOPKINS, Respondent.

83      309|
52 LRA 240n|

*October 1— October 25, 1892.*

*(1) Evidence: Hearsay: Court and jury. (2, 3) Contracts: Evidence of breach: Measure of damages.*

1. Hearsay evidence should be excluded by the court when objection to it is made; and the error in admitting so much thereof that the jury must have been impressed by it, is not cured by an instruction that the jury should reject such evidence as was mere hearsay.
2. Evidence that plaintiff's goods were sold in certain counties by persons other than defendant, does not show a violation of an agreement by plaintiff not to appoint any other jobber of said goods in those counties.

3. For sales of plaintiff's goods in violation of its agreement not to appoint any jobber thereof other than defendant in certain territory, the measure of defendant's damages is, at most, the profit he would have realized had he made the sales himself.

APPEAL from the Circuit Court for *Dodge* County.

The facts are stated in the opinion. There was a verdict in favor of the defendant for $135, and from the judgment entered thereon the plaintiff appealed.

For the appellant there was a brief by *Elwell & Burke*, attorneys, and *H. W. Lander*, of counsel, and oral argument by *E. Elwell*.

*James J. Dick*, for the respondent.

ORTON, J. The plaintiff is a corporation of the state of Missouri, doing business at the city of St. Louis, and manufacturer and dealer of "Dr. Harter's Wild Cherry Bitters." The said company, on April 5, 1888, contracted with the defendant that he should have the right to sell said "Wild Cherry Bitters" in such parts of the counties of Dodge and Columbia, in this state, as he might see fit to occupy; and that the company should furnish him said bitters at $6.60 per dozen, gross, and *not appoint any other jobber of the same in said counties* during the continuance of the contract. The company furnished him at the time with twenty-five dozen of said bitters, at the above rate, on thirty days' time, and this is the plaintiff's cause of action in this case. The defendant answered, alleging payment, and a counterclaim of $200 damages on account of the breach of the contract by the plaintiff in appointing other jobbers of said bitters in said counties during the time said contract continued. The only question contested was this counterclaim, and all the evidence introduced by the defendant was to show that the plaintiff company did appoint other jobbers in said district.

1. The largest part of defendant's testimony on that

question was merely hearsay. The learned counsel of the appellant repeatedly objected to such testimony, and the court only ruled on such objections in a general way, by saying that what was hearsay should be stricken out; and finally instructed the jury that such evidence as was mere hearsay should not be received, and that it was received almost from the necessity of the case, and that the jury must reject it. This is assigned as error. It was clearly error, if the jury might have been influenced by such hearsay testimony in finding their verdict. The plaintiff's claim is $124.52, and the verdict for the defendant is $135, so that the jury must have found the defendant's damages at $259.52. It is very probable that the jury took into consideration the hearsay testimony, with what little there was of proper testimony, in determining the amount of said bitters sold in the two counties by others. About all the testimony of the defendant himself was hearsay. The jury were allowed to determine for themselves what was hearsay testimony and what was not. The court ought to have determined on the objections, at the time, what was hearsay testimony, and excluded it from the consideration of the jury. Testimony should be competent and proper when it is offered. *Jones v. Lake*, 2 Wis. 210; *Williams v. Holmes*, 2 Wis. 130. Hearing so much incompetent testimony, the jury must have been impressed by it, and such error is not cured by giving subsequent direction to the jury to disregard it. *State Bank v. Dutton*, 11 Wis. 371. The improper evidence was well calculated to influence the jury. There was so much of it, and so little that was proper. *Remington v. Bailey*, 13 Wis. 336. The improper testimony was of such a character that it ought to clearly appear that it did not influence the jury. *Nickerson v. Morin*, 3 Wis. 243; *Richards v. Noyes*, 44 Wis. 609; *Johannesson v. Borschenius*, 35 Wis. 135, and cases cited.

2. The company did not bind itself in the contract not

to sell any of that kind of bitters to any one in said counties. The only stipulation was not to appoint any other *jobber* in said counties. There was not a particle of evidence that the company ever did appoint any other jobber of its bitters in said counties during the continuance of the contract. There was some evidence that certain persons, and others unknown, sold such bitters in said counties to a limited extent, but there was no evidence that the company authorized it, encouraged or approved it, or any of their agents or officers. The testimony of all the officers and agents of the company who had authority to appoint jobbers or agents to sell its bitters was positive that none such had been appointed during such time, and that if any persons sold the bitters in said counties during that time it was without the authority, sanction, or approval of the company. The evidence was all circumstantial, and mostly hearsay, and none of it connected the company with it. I have carefully read all the evidence, and can find none that proves any violation of the contract by the plaintiff company.

3. If it had been shown that the company was responsible for all the sales of the bitters in said counties during such time by others, then the utmost measure of damages to the defendant would have been the profit the defendant would have realized if he had made such sales himself, for those were all the sales he was prevented from making. *Beveridge v. Welch*, 7 Wis. 468; *Kinney v. Crocker*, 18 Wis. 81; *Poposkey v. Munkwitz*, 68 Wis. 335; *Anderson v. Sloane*, 72 Wis. 566; *Wright v. Mulvaney*, 78 Wis. 97. There were about twenty-four cases of the bitters sold by others. The profit, the learned counsel of the respondent claims, is $2.15 per case, and the whole profit would be $51.60; but by the profit contended for by the learned counsel of the appellant, of $1.25 per case, it would be $30. The court instructed the jury, as requested by the plaintiff's counsel,

that the defendant "is entitled to recover the profit he would have made upon any of these sales that are proved to have been made." But the court then went further, and said that "he was also entitled to recover the profit upon any business that he might reasonably have done," specifying that the jury might consider "what the defendant might have done under all the circumstances as developed, and his expenditures in working up the business," etc. The court did say "they must not indulge in speculation, or give imaginary damages;" but it had already opened the way to the very widest field of speculation and imagination possible. Besides this, there was no testimony upon the subject of any such damages. But the jury found them, just the same. The instruction was clearly erroneous. *Bierbach v. Goodyear R. Co.* 54 Wis. 209; *Wright v. Mulvaney,* 78 Wis. 97; and the above cases.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.