HANSON, Respondent, vs. JOHNSON, Appellant.

*January 14—February 1, 1910.*

*Breach of promise: Damages: Seduction: Instructions to jury: Special verdict: Evidence: Precedents: Curing errors: Immaterial errors: Reducing award.*

1. In an action for breach of promise of marriage, where seduction was pleaded in aggravation of damages, a charge to the jury that the only bearing the evidence as to seduction had in the case was to enhance the damages, if any, from such breach of promise, and that in order to find that plaintiff was seduced by defendant the jury must find from a preponderance of the evidence that she had no intercourse with defendant prior to such promise and that she consented to such intercourse solely by reason of such promise, if they found such a promise was made,— presented the question to the jury in a manner sufficiently favorable to the defendant.

2. It is not error to refuse to submit in a special verdict a question as to which there is no evidence which would warrant an answer favorable to the party requesting such submission.

3. The evidence in this case (consisting of the testimony of the parties) would not have warranted the jury in finding that the parties had sexual intercourse prior to any promise of marriage between them.

4. Precedents for the exclusion of evidence must be read, not only with reference to the issues made by the pleadings in the particular case, but also with reference to the other evidence in such case.

5. In an action for breach of promise, where evidence that a child was born as a result of intercourse came into the case inadvertently, and afterwards letters which were otherwise competent referred to the child, an instruction to the jury to disregard this fact in assessing damages cured the error, if any, in the admission of such evidence.

6. Error in admitting evidence is cured by a direction to the jury to disregard it, unless it appears that notwithstanding such direction the appellant was prejudiced by the error.

7. In an action for breach of promise, evidence as to the length of time the marriage engagement lasted and the number of years plaintiff waited for defendant to marry her, and as to the degree of intimacy between them, is competent upon the question of damages.

8. Evidence as to the wealth of defendant, including testimony as to the amount of the monthly sales in his saloon, was competent in such a case.

9. Admission in evidence, among the presents given by defendant to plaintiff, of a button bearing the photograph of a child which had been referred to as the result of intercourse between the parties, was an immaterial error, the photograph not being offered for the purpose of proving resemblance.

10. An award of $8,000 as damages for breach of a marriage promise was not excessive under the evidence in this case.

11. The supreme court will encourage the trial judges to exercise their judgment in cutting down excessive verdicts, and so far as possible will sustain the estimate of such a judge where he has reduced an award to the amount which in his judgment is proper.

APPEAL from a judgment of the circuit court for Pierce county: E. W. HELMS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Thos. M. Casey* and *White & Skogmo,* and oral argument by *F. M. White.*

For the respondent there was a brief by *George Thompson,* attorney, and *Arctander, Johnson & Berg,* of counsel, and oral argument by *J. N. Berg.*

TIMLIN, J.    The plaintiff in this action for breach of promise of marriage pleaded in aggravation of damages her seduction by defendant under such promise.   This was met by a general denial.   According to the testimony of the plaintiff she became acquainted with the defendant in the year 1895, and soon thereafter there was a marriage engagement entered into between them, and, relying upon this engagement, at the solicitation of defendant she yielded to sexual intercourse, which continued thereafter for thirteen or fourteen years, when defendant breached his promise to marry.   Defendant admitted this intercourse, but testified that there never was at any time a promise of marriage. There was a special verdict, complete in other respects, but which contained no finding covering the fact of seduction. The defendant requested that the court submit to the jury the following question: "Did plaintiff and defendant have sexual intercourse with each other prior to any promise of marriage between them?"  . The court refused to submit this question, and charged the jury concerning this matter as follows:

"The only bearing such evidence has in this case is to enhance the damages, if any, arising from such breach of promise to marry."   "In order to find that plaintiff was seduced by defendant, you must find from a preponderance of the evidence that said plaintiff had no intercourse with the defendant prior to the time of such promise of marriage, and that she consented to such act of intercourse solely by reason of such promise of marriage, and that she would not have consented to and had intercourse with the defendant if it had not been for such promise of marriage, if you find such was made at the time of such act of intercourse."

While not literally accurate, this instruction presented the question to the jury in a manner sufficiently favorable to the

appellant, if we regard merely the instruction. It has been ruled by this court that where an issuable material fact is averred in the complaint and controverted by the answer, a defendant who has by compliance with the statute entitled himself to a special verdict may insist upon a question in the special verdict calling for a finding upon such fact if he made proper and timely request therefor (*Rowley v. C., M. & St. P. R. Co.* 135 Wis. 208, 115 N. W. 865; *Bredlau v. York,* 115 Wis. 554, 92 N. W. 261), but not then if there is no evidence to support the finding so requested (*Reed v. Madison,* 85 Wis. 667, 56 N. W. 182); nor where there is a mere scintilla of evidence with overwhelming evidence to the contrary (*Hogan v. Cushing,* 49 Wis. 169, 5 N. W. 490). Assuming, for the purposes of this discussion, that in the instant case defendant was otherwise entitled to have this question submitted to the jury, there is, we think, no evidence which would support an answer to such question favorable to appellant. The evidence on this point is confined to the testimony of plaintiff and defendant.

Plaintiff testifies that she first became acquainted with the defendant in March or April, 1895, at a boarding house where he was a boarder and she a servant, and that she saw him every day, and that he was accustomed to come upstairs where she was at work. At an interview upstairs at the boarding house and two or three months after their first acquaintance the engagement of marriage took place, and she had more than one conversation with the defendant concerning marriage before his visit to Dakota, which is definitely fixed as August, 1895. She testifies that the first act of sexual intercourse took place quite a while after this engagement. The defendant met this by his testimony, which closely follows that of plaintiff as to time. He first met her at this boarding house in the spring of 1895. He had seen her "a month or so" before he "first went out with her." The first time he went out with her was in June, 1895. The

second time he went out with her there was sexual intercourse. There was never at any time any promise of marriage. It will be observed that he does not fix the time of this first act of sexual intercourse, except that it was after some day in June, 1895, and that it was the second time he went out with her. His version of the occurrence is that there never was at any time a promise of marriage. The plaintiff charged him by her testimony with a promise made at the boarding house before this first act of intercourse. In order to find a promise of marriage (and this question was submitted to the jury) the jury must believe the plaintiff. The requested question assumes that there had been a promise of marriage. Would it not be the merest guess on the part of the jury to say from the foregoing evidence of defendant and against the positive evidence of plaintiff that there was a promise of marriage, but that the first act of sexual intercourse antedated this promise? Upon what could such finding rest? The defendant does not give any date or fix any time for the act nor any date from which the jury could compute time, except it was after a day in June. We think there was no sufficient evidence to warrant the submission of the question as proposed to the jury. At least it can be said that the appellant was not prejudiced by the refusal of this question, for it is highly improbable that any tribunal for the trial of questions of fact would have answered the question in his favor upon the evidence in this case, and the court fully instructed the jury concerning the legal effect of the fact of seduction, and the necessity of being convinced that such seduction was in fact accomplished as hereinbefore quoted.

Seventeen errors are assigned upon the admission of evidence. We cannot undertake to notice them all in detail. Precedents for the exclusion of evidence must be read, not only with reference to the issues made by the pleadings in the particular case, but also with reference to the other evidence in such case. It is easy to be misled by them or to magnify

their generality as legal rules. Most of such errors here assigned are technical and unsubstantial.

Error is, however, assigned because evidence was admitted that a child was born to the plaintiff as a result of the intercourse mentioned. The weight of judicial authority and the natural logic of the situation seem to justify the admission of such evidence. *Musselman v. Barker,* 26 Neb. 737, 42 N. W. 759; *Giese v. Schultz,* 65 Wis. 487, 27 N. W. 353; *Stewart v. Anderson,* 111 Iowa, 329, 82 N. W. 770; 3 Suth. Dam. (3d ed.) § 985. But it is not necessary to pass on this question in the instant case, and the plaintiff was perhaps precluded from such proof because she had not pleaded this fact in aggravation of the usual and ordinary damages flowing from a breach of the promise of marriage. The evidence of the existence of this child came into the case quite inadvertently, and afterward in connection with letters from defendant to plaintiff, which letters were otherwise competent evidence, but also referred to the child, and the trial court instructed the jury to disregard this fact in their assessment of damages. The appellant contends that this direction of the court did not cure the error of admitting the evidence in question, and cites *Dr. Harter M. Co. v. Hopkins,* 83 Wis. 309, 53 N. W. 501, and *Johannesson v. Borschenius,* 35 Wis. 131, while the respondent relies on *Rooney v. Milwaukee C. Co.* 65 Wis. 397, 27 N. W. 24; *Waterman v. C. & A. R. Co.* 82 Wis. 613, 52 N. W. 247, 1136; *Beggs v. C., W. & M. R. Co.* 75 Wis. 444, 44 N. W. 633; and also *Pennsylvania Co. v. Roy,* 102 U. S. 451, and Jones, Ev. § 895 (898) and cases cited. The rule of this court on this subject, differing somewhat in this regard from other courts, is to the effect that such direction of the trial court will cure an error in the admission of evidence; except in such cases where all the evidence is before this court and the court is satisfied from an examination of the same that the appellant was prejudiced by the erroneous admission of the evidence notwithstanding the in-

struction mentioned.    Cases *supra* and *Radichel v. Kendall,*
121 Wis. 560, 99 N. W. 348.    In the case at bar this was the
proper disposition to make of the evidence, because the fact
could not be wholly excluded from the jury and at the same
time give the plaintiff the benefit of all her evidence other-
wise competent in the case, notably defendant's letter of
July 25, 1899.

The length of time that this marriage engagement lasted
and the number of years that plaintiff waited for defendant
to marry her were proper items of evidence bearing upon the
amount of plaintiff's damages, and it would be a rather illog-
ical and technical rule which would exclude the degree of in-
timacy between the parties which existed during this fourteen
years.    We think the latter was competent and proper evi-
dence.

The testimony relating to the wealth of the defendant was
also competent.    *Salchert v. Reinig,* 135 Wis. 194, 115 N.
W. 132.    The amount of the monthly sales of his saloon was
an item bearing upon this question also competent.    Plaint-
iff's counsel, in offering proof that the defendant made pres-
ents to the plaintiff, offered with such oral proof a ring, a
watch, and a photographic button, all of which were produced
and offered in evidence.    The photograph on this button was
that of the child in question.    There may have been some
legal skill exercised in grouping this present, insignificant in
intrinsic value, with the others, but it was not offered for the
purpose of proving resemblance, and the fact that the photo-
graph of this particular child was on the button would not
alone render it incompetent.    This court does not reverse
judgments for such trifles.

We find no error in refusing to submit the other questions
of the special verdict requested by defendant, nor in the in-
structions of the court to the jury.

The jury rendered a verdict of $10,000 damages, which
the court reduced to $8,000.    It is contended in this court

State v. Columbian Nat. Life Ins. Co. 141 Wis. 557.

that the damages are still excessive. We do not so view the evidence. The affair between plaintiff and defendant covered a period of about fourteen years, including all that part of her life when her chances for an advantageous marriage were best. The matter in aggravation was very serious, and the defendant appears to be of ability to respond in considerable damages. Damages in such cases are very difficult to estimate, and ordinarily the proper tribunal for that purpose is the jury. Besides, it is the rule of this court to encourage the circuit judges to exercise their judgment in cutting down excessive verdicts; and in order to give effect to that rule, which we believe founded in legal principles, we must, as far as possible, sustain the estimate of the circuit judge where he has actually passed on the question and reduced the verdict to such amount as in his judgment is proper. We find no reversible error in the record, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.