FALKNER, Respondent, vs. SCHULTZ, Appellant.

*December 8, 1914—May 4, 1915.*

*Breach of marriage promise: Seduction: Evidence: Sufficiency: Competency: Verdict: Judgment* non obstante: *Amendment of answer: Instructions to jury: Harmless error: New trial: Excessive damages.*

1. In an action for breach of promise the evidence is *held* to sustain findings by the jury to the effect that plaintiff was ready and willing to marry the defendant; that defendant's promise to marry was not made upon the illegal consideration of intercourse; that he seduced plaintiff after and by reason of such promise; and that the agreement to marry was to be performed within one year and hence was not void under the statute of frauds.

2. Although in such case the trial court allowed the answer to be amended after the verdict so as to allege that plaintiff's disposition, habits, and conduct were such that a marriage between the parties would have been contrary to public policy; yet, no further proof being offered, the court rightly refused, upon the record, to grant defendant's motion for judgment notwithstanding the verdict.

3. Proof of several acts of intercourse after the promise of marriage, consented to by plaintiff because of such prior promise, was competent in aggravation of damages.

4. An instruction to the jury to the effect that plaintiff could recover for disappointment of her reasonable expectations, including the money value or worldly advantage of a marriage "which would have given her a permanent home and an advantageous establishment," was erroneous under the facts of this case, it being for the jury to determine what kind of a home and establishment the plaintiff would have secured by the marriage; but, the jury having obviously understood the instruction as it should have been given, the error was not prejudicial.

5. A so-called inadvertent admission by defendant that he wrote a certain postcard to plaintiff which he afterwards denied writing, was not in this case a ground for a new trial.

6. An award of $2,500 for breach of promise and seduction is *held* in this case not excessive.

APPEAL from a judgment of the circuit court for Monroe county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Action for breach of promise. Verdict and judgment for plaintiff. Defendant appealed.

*Daniel H. Grady,* for the appellant.

For the respondent there was a brief by *Graves & Masters* and *John G. Graham,* and oral argument by *R. B. Graves.*

The following opinion was filed January 12, 1915:

KERWIN, J.   Plaintiff at the time of trial was thirty-nine years of age and had been twice married.   Her first husband died and she had been divorced from the second.   She had two children, a daughter and a son, aged respectively eighteen and fifteen.   The defendant was forty-seven years of age, and had been married twice.   Defendant's first wife died in September, 1909.   During her last illness the plaintiff had been employed in the home of the defendant.

The jury found that a mutual promise of marriage was made between plaintiff and defendant prior to November 11, 1911; that after the date of such promise the plaintiff held herself ready and willing to marry the defendant up to the date of his marriage with his second wife; that by reason of such promise the defendant seduced the plaintiff; and assessed her damages at $2,500.

The appellant assigns several errors as grounds for reversal.

1. It is first insisted that upon the proof made the defendant was entitled to judgment, therefore the court below was in error in refusing to instruct the jury to answer the questions in the special verdict in favor of the defendant, and in refusing to change the answers to the questions as found by the jury, and in refusing to give the defendant judgment notwithstanding the verdict.

Under this head it is argued by counsel for appellant that the answer of the jury to the effect that the plaintiff was ready and willing to marry the defendant is unsupported by the evidence, and several unkind acts and expressions of plaintiff are referred to as tending to show that she did not intend to marry defendant.   It is true, as appears from the evidence, that the current of love did not at all times run smoothly between plaintiff and defendant.   Plaintiff criti-

cised the drink habit of defendant and objected to his saloon business, and at times used language unkind and inelegant. But we are convinced that there is sufficient evidence to support the finding of the jury.

2. It is further insisted that the answer of the jury to the effect that the defendant, by means of the promise of marriage, seduced the plaintiff is not supported because such promise was a promise in consideration of intercourse which was illegal, therefore rendered the promise of marriage void. The answer to this contention is that there is ample evidence that the promise of marriage was not based upon an illegal consideration, viz. illicit intercourse, and that the seduction occurred after the promise of marriage, and that such promise of marriage by defendant was frequently repeated and renewed on different occasions when the plaintiff yielded her person to defendant.

It is also argued that the agreement to marry was not to be performed within one year from the time of making thereof, hence was void under the statute of frauds. Here again the contention is not supported by the evidence. There is ample evidence that the contract was made after the death of the defendant's first wife and was to be performed within one year from the time of such death.

It is also argued that there was no seduction because plaintiff did not yield her person because of the seductive arts of the defendant, but because of force exercised upon her by defendant. It appears from the evidence that the illicit intercourse continued after the promise of marriage for a long time, and that at times the plaintiff complained of defendant's misconduct. But it also appears that plaintiff submitted willingly on account of the promise of marriage and upon the assurance of defendant that he would marry her, and such intercourse continued up to a short time before the marriage of defendant to his second wife, during which time defendant repeatedly renewed his promise of marriage and justified the

illicit intercourse on the ground of the promise of marriage and the fact that plaintiff and defendant would consummate the marriage.

Subsequent to rendition of verdict the court below allowed an amendment by defendant setting up that the disposition, habits, characteristics, and conduct of the plaintiff were such that a marriage could not and ought not in the interest of public policy to have been consummated between the parties, and detailing facts tending to show that plaintiff had no affection or respect for defendant, and it is claimed that the court, having granted the motion to amend, should have granted the motion for judgment notwithstanding the verdict. The claim is novel. There was no further proof offered. The amendment added nothing to the case made, and the allowance of it on the proof was a useless but harmless ceremony. The court, while allowing the amendment, rightly held upon the record before it against the contention of the appellant.

3. Counsel for appellant complains of refusal to grant a new trial upon five grounds which we shall briefly consider.

It is argued that evidence of subsequent acts of intercourse after the first was not admissible since the plaintiff was no longer chaste, therefore evidence of subsequent acts of intercourse should have been excluded. There is ample evidence to warrant the jury in finding that the several acts of intercourse subsequent to the promise of marriage were consummated by reason of the promise to marry, and that such intercourse would not have occurred but for the promise. · The plaintiff testified that nearly every time defendant had intercourse with her he talked marriage. True, plaintiff testified that there was, or might have been, a time when defendant had intercourse with her when marriage was not talked, but it is quite clear from all the evidence that the several acts of intercourse after the promise of marriage were consented to by plaintiff because of the prior promise of marriage; at least the jury would be justified in so finding. Proof of such acts

was competent in aggravation of damages.    *Hanson v. Johnson,* 141 Wis. 550, 124 N. W. 506.; *Hess v. Zimmer,* 152 Wis. 193, 139 N. W. 740; *Haymond v. Saucer,* 84 Ind. 3; *Keller v. State,* 102 Ga. 506, 31 S. E. 92; *Thompson v. Clendening,* 1 Head (Tenn.) 287.

Error is assigned upon the following instruction:

"The elements of damage to be considered by you are the disappointment of the plaintiff's reasonable expectations, including the money value or worldly advantage of a marriage *which would have given her a permanent home and an advantageous establishment.*"

The portion italicised is particularly complained of.    Upon the facts of this case it is by no means certain that a marriage with defendant would have given plaintiff "a permanent home and an advantageous establishment."    The instruction, therefore, was erroneous.    Counsel for respondent relies upon a quotation from *Coolidge v. Neat,* 129 Mass. 146, cited in *Salchert v. Reinig,* 135 Wis. 194, 204, 115 N. W. 132.    But this quotation is not controlling here.    It was not adopted as a correct statement of the law in the *Salchert Case,* but merely referred to as showing the elements of damages considered by the Massachusetts court.    The instruction might be proper upon certain facts proved, but was not in the instant case.

In the instant case the court should have confined the instruction to such a home and establishment as, in view of all the circumstances of the case, plaintiff would have secured. This would leave to the jury to determine what home and establishment plaintiff would secure by the marriage.    *Rutter v. Collins,* 103 Mich. 143, 61 N. W. 267.    We think, however, there was no prejudicial error in the charge complained of, because the facts were before the jury affecting the question, and the jury could judge as to the kind of a home the plaintiff would be likely to secure by the marriage and whether or not a marriage with defendant would give her a permanent home and advantageous establishment.    Obviously the jury

understood that such home and establishment were intended by the charge as under all the circumstances of the case plaintiff would secure.

Counsel also assigns error on refusal to grant a new trial on what he calls an inadvertent admission of the defendant that he wrote a card to plaintiff, which he afterwards claimed he did not write, and asserts that he was misled because plaintiff did not produce the card upon examination under sec. 4096, Stats., though notified to produce all papers, letters, etc. It appears that a number of cards were produced, but the one in question, known in the case as Exhibit 13, was not produced because plaintiff says she did not believe it was written by defendant. When, however, this letter or card was presented to defendant on the trial he admitted having written it and afterwards denied it. There is in the case strong evidence that the card was not written or signed by defendant, but was written and signed by his wife shortly after defendant's marriage. We shall spend no time in discussing this error, since it clearly furnishes no ground for a new trial.

Error is assigned on the ground that the damages are excessive. We are convinced that this court should not hold the damages excessive. *Luther v. Shaw,* 157 Wis. 231, 147 N. W. 17; *Hess v. Zimmer,* 152 Wis. 193, 139 N. W. 740; *Salchert v. Reinig,* 135 Wis. 194, 115 N. W. 132.

We find no reversible error in the record.

*By the Court.*—The judgment is affirmed.


A motion for a rehearing was denied, with $25 costs, on May 4, 1915.